UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JUAN NAVARRO, an individual,

    *Plaintiff*,

v.

HOLLYWOOD IMPORTS LIMITED, INC.
d/b/a AUTONATION HONDA HOLLYWOOD,
a Florida Corporation; and AUTONATION, INC.,
a Delaware Corporation,

    *Defendants*.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Juan Navarro ("**Plaintiff**"), through undersigned counsel, files this Complaint against Defendant Hollywood Imports Limited, Inc. d/b/a AutoNation Honda Hollywood and Defendant AutoNation, Inc., and states:[1]

### INTRODUCTION

1. Plaintiff seeks damages arising from Defendants' violations of the Civil Rights Act of 1964 ("Title VII"), the Florida Civil Rights Act of 1992 ("FCRA"), as well as Defendants' negligent supervision and negligent retention of Plaintiff's supervisor.

### PARTIES

2. Plaintiff is a resident of Broward County, Florida. During his AutoNation tenure, Plaintiff was AutoNation's employee within the meaning for 42 U.S.C. § 2000e(f).

3. ANI is a Delaware corporation with its principal address at 200 SW 1st Avenue, 14th Floor, Fort Lauderdale, Florida 33301. At all times material, ANI has continuously done

---

[1] Defendant Hollywood Imports Limited, Inc. d/b/a AutoNation Honda Hollywood ("**ANI-Hollywood**") and Defendant AutoNation, Inc. ("**ANI**") are collectively "**AutoNation**" or "**Defendants**."

business in the state of Florida, has continuously had more than 500 employees, and has continuously been Plaintiff's employer pursuant to 42 U.S.C. § 2000e(b) and Fla. Stat. § 760.02(6).

4. ANI-Hollywood is a Florida corporation with its principal address at 2400 North 60th Avenue, Hollywood, Florida 33021. At all times material, ANI-Hollywood has continuously done business in the state of Florida and has continuously been Plaintiff's employer pursuant to 42 U.S.C. § 2000e(b) and Fla. Stat. § 760.02(6).

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for claims arising under Title VII.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because such claims are so closely related to his Title VII claims that they form part of the same case or controversy. 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants because Defendants continuously conducts business within this District.

8. Venue is proper in this District because Defendants are subject to personal jurisdiction in this District and because the acts complained of giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. § 1391.

9. All conditions precedent have been satisfied in advance of bringing statutory claims. This suit is brought within 90 days of receiving a right to sue letter from the EEOC.

## RELATIONSHIP BETWEEN DEFENDANTS

10. ANI, through subsidiaries like ANI-Hollywood, is one of the largest automotive retailers in the United States.

11.     ANI-Hollywood and ANI are presented as a unified brand. *See, e.g.*, ANI Form10-Q for quarterly period ending June 30, 2023 ("Our stores, which we believe include some of the most recognizable and well-known in our key markets, sell 33 different new vehicle brands. The core brands of new vehicles that we sell, representing approximately 89% of the new vehicles that we sold during the six months ended June 30, 2023, are manufactured by Toyota[.] . . . As of June 30, 2023, we also owned and operated 53 AutoNation-branded collision centers, 16 AutoNation USA used vehicle stores, 4 AutoNation-branded automotive auction operations, 3 parts distribution centers, an auto finance company, and a mobile automotive repair and maintenance business.")

12.     ANI-Hollywood's web address is www.autonationhondahollywood.com and it utilizes the ANI mark. ANI-Hollywood is also accessible directly from ANI's website.

13.     AutoNation dealerships are not held out to the public as entities distinct from one another. This is because they are not.

14.     ANI actively participates in the management and supervision of ANI-Hollywood. ANI governs the processes that subsidiaries such as ANI-Hollywood use. For example, ANI-Hollywood provides services, offers promotions, and follows guidelines as ANI deems appropriate.

15.     In other words, Defendants share and/or co-determined matters governing the essential terms and conditions of Plaintiff's employment. Defendants both control Plaintiff's employment so as to constitute joint employers. For example, Defendants jointly controlled Plaintiff's supervision, pay rate, his hiring and modification of employment terms (and those of others at the ANI-Hollywood location), and responding to human resources complaints in the ANI-Hollywood store.

16. ANI-Hollywood's mailing address is the same as ANI's primary place of business (the 14th floor of ANI headquarters at 200 SW 1st Avenue, Fort Lauderdale, Florida 33301).

17. ANI-Hollywood's Director and President is Nicholas Schnelle. Mr. Schnelle is an ANI employee of over fifteen years. He is the longtime Market President for ANI in Denver, Colorado.

18. ANI-Hollywood's Vice President, Secretary, and Treasurer is Tracy Lynn Leiser, is also a high-ranking ANI employee (Regional Vice President of Finance) of more than twenty years.

## GENERAL ALLEGATIONS

19. In March 2022, Plaintiff joined Defendants as a sales consultant at ANI-Hollywood's location at 2400 N. 60th Avenue, Hollywood, Florida, 33301.

20. Shortly after Plaintiff began working for Defendants, his direct manager, Joey Rodriguez began to sexually harass and assault Plaintiff. On numerous occasions, Mr. Rodriguez touched Plaintiff inappropriately and without his permission. Among other things, Mr. Rodriguez:

   a. hugged Plaintiff from behind;

   b. groped Plaintiff's buttocks;

   c. groped Plaintiff's crotch;

   d. touched and rubbed Plaintiff's nipples;

   e. kissed Plaintiff on the neck; and

   f. approached Plaintiff from behind and whispered into his ear that he loved him.

21. Each time this happened, Plaintiff rebuffed Mr. Rodriguez's advances.

22. Plaintiff is a married, heterosexual man with three children.

23. Mr. Rodriguez's behavior was no secret to AutoNation.

24. AutoNation finance manager Joe Rey, AutoNation sales manager David Losk, and AutoNation manager Carl Vanderwarker all saw what was happening to Plaintiff and his objections to the above-described workplace misconduct. None of them did a thing to put a stop to it.[2]

25. Instead, they openly condoned a culture of sexual harassment and assault, lewd behavior, vulgarity, and racism.

26. For example, Mr. Rodriguez would constantly talk about sex. He would watch pornography on the showroom floor. He would place his feet up on a desk, spread his legs, and make sexual gestures and noises.

27. Plaintiff is the breadwinner for his family. He has a young child at home. He needed the job.

28. But eventually, he hit a breaking point. In early April 2023, he called AutoNation's human resources department and left a voicemail asking that someone return his call. Nobody responded.

29. So he drove to AutoNation's headquarters in downtown Fort Lauderdale. He walked in and asked to speak with someone in human resources. He was turned away.

30. On April 7, 2023, Plaintiff resigned. Rather than punish Mr. Rodriguez for his egregious behavior AutoNation promoted him. He is slated to become the new finance director at ANI-Hollywood.

---

[2] Mr. Vanderwarker also referred to Plaintiff as a "Mexican" despite knowing that Plaintiff is not of Mexican descent. This became an ongoing joke and contributed to Mr. Rodriguez believing he could dehumanize Plaintiff and management allowing Mr. Rodriguez's conduct to continue.

## COUNT I
## **NEGLIGENT SUPERVISION**
(as to all Defendants)

31. Plaintiff repeats and realleges Paragraphs 1-30 as if fully set forth herein.

32. Plaintiff was assaulted and battered by a co-worker on Defendants' premises.

33. The various batteries included physical impacts to Plaintiff's person.

34. While this conduct occurred on Defendants' premises and time, the sexually charged abuse occurred outside the scope of Mr. Rodriguez's employment.

35. Defendants were aware of Mr. Rodriguez's sexual harassment, assault, and battery, and yet did not take adequate measures to prevent such misconduct from recurring in the workplace.

36. Defendants owed a duty to Plaintiff to use reasonable care in the supervision of Mr. Rodriguez. This is particularly true where they were repeatedly apprised of Mr. Rodriguez's misconduct towards Plaintiff—often by witnessing it firsthand.

37. Defendants were aware of multiple specific past instances in which Mr. Rodriguez harassed, assaulted, and battered Plaintiff. Such misconduct continued after Defendants were on notice of same.

38. Defendants breached duties to Plaintiff when they failed to take reasonable actions such as disciplining, training, overseeing, or otherwise protecting Plaintiff from Mr. Rodriguez's sexual harassment, assault, and battery. Thus, after various and ongoing incidents of sexual harassment, assault, and battery, Defendants failed to supervise Mr. Rodriguez effectively enough to prevent (or even decrease the likelihood of) future incidents.

39. As a direct and proximate result of Defendants' breaches of supervision duties, Plaintiff suffered substantial injuries and damages in an amount to be determined at trial.

40. Defendants were grossly negligent because their behavior entailed a conscious disregard and indifference to Plaintiff's safety and rights. Defendants engaged in intentional misconduct because they had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to Plaintiff would result. Despite that knowledge, Defendants intentionally pursued their course of conduct resulting in injuries and damages to Plaintiff. Consequently, Plaintiff is entitled to and seeks punitive damages.

## COUNT II
## NEGLIGENT RETENTION
(as to all Defendants)

41. Plaintiff repeats and realleges Paragraphs 1-30 as if fully set forth herein.

42. Plaintiff was assaulted and battered by his manager.

43. Mr. Rodriguez's various batteries included physical impacts on Plaintiff's person.

44. While this conduct occurred on Defendants' premises and Defendants' time, Mr. Rodriguez's sexually charged abuse occurred outside the scope of his AutoNation employment.

45. Defendants were aware of Mr. Rodriguez's sexual harassment, assault, and battery, and yet did not take adequate measures to prevent such misconduct from recurring in the workplace.

46. Defendants owed a duty to Plaintiff to use reasonable care when determining whether to retain Mr. Rodriguez after not only such behavior was reported formally, but several high-ranking members of management witnessed Mr. Rodriguez behavior.

47. Defendants were aware of multiple specific past instances in which Mr. Rodriguez harassed, assaulted, and battered Plaintiff. Such misconduct continued after Defendants were on notice of same.

48. Defendants failed to take reasonable action with regard to Mr. Rodriguez's ongoing sexually predatory behavior, of which there was only one: Termination. Defendants refused, time and again, to take the necessary action to protect Plaintiff from the harassment, assault, and battery perpetrated by their employee. This constituted a breach of Defendants' duties to Plaintiff.

49. As a direct and proximate result of Defendants' breach of duties with regard to retention, Plaintiff suffered substantial injuries and damages in an amount to be determined at trial.

50. Defendants were grossly negligent because their behavior entailed a conscious disregard and indifference to Plaintiff's safety and rights. Defendants engaged in intentional misconduct because they had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the Plaintiff would result. Despite that knowledge, Defendants intentionally pursued a course of conduct resulting in injuries and damages to Plaintiff. Consequently, Plaintiff is entitled to and seeks punitive damages.

## COUNT III
## VIOLATION OF TITLE VII (CONSTRUCTIVE DISCHARGE)
(as to all Defendants)

51. Plaintiff realleges and incorporates by reference paragraphs 1-30 as if fully set forth herein.

52. Title VII prohibits Defendants from discriminating against Plaintiff in the terms and conditions of his employment because of his sex.

53. Plaintiff's supervisor made unwelcome sexual advances, and attempted to force or coerce sexual favors from Plaintiff.

54. Plaintiff's supervisor did this with the threat of changing the terms and conditions of Plaintiff's employment.

55. Plaintiff resigned in April 2023. Among other factors contributing to Plaintiff's resignation, the following occurred:

   a. Plaintiff's supervisor hugged Plaintiff from behind;

   b. Plaintiff's supervisor groped Plaintiff's buttocks;

   c. Plaintiff's supervisor groped Plaintiff's crotch;

   d. Plaintiff's supervisor touched and rubbed Plaintiff's nipples;

   e. Plaintiff's supervisor kissed Plaintiff on the neck;

   f. Plaintiff's supervisor approached Plaintiff from behind and whispered into his ear that he loved him;

   g. The behavior of Plaintiff's supervisor described in (a)-(f) took place in front of Plaintiff's coworkers and ANI-Hollywood management.

   h. ANI-Hollywood's management did nothing to stop or curb Plaintiff's supervisor from the behavior described in (a)-(f).

   i. Plaintiff's phone call and voicemail to Defendants' human resources office went unreturned; and

   j. Plaintiff was sent home from Defendants' human resources office when he attempted to meet with a human resources representative in person.

56. These working conditions were so intolerable that a reasonable person in Plaintiff's position would have been compelled to resign.

57. As a result of Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT IV
## <u>VIOLATION OF TITLE VII (HOSTILE WORK ENVIRONMENT)</u>
(as to all Defendants)

58. Plaintiff realleges and incorporates by reference paragraphs 1-30. as if fully set forth herein.

59. Title VII prohibits Defendants from discriminating against Plaintiff in the terms and conditions of his employment because of his sex.

60. Plaintiff's harassment was allowed because he is a heterosexual man. But for that status, Plaintiff would have been treated differently by Defendants leading up to and after the reporting of his supervisors misconduct.

61. Plaintiff did not welcome the offensive acts and statements of Mr. Rodriguez. The conduct was severe and pervasive to a degree that it materially altered the terms or conditions of Plaintiff's employment.

62. Among other factors demonstrating that Defendants' work environment had become hostile to Plaintiff, the following occurred:

   a. Plaintiff's supervisor hugged Plaintiff from behind;

   b. Plaintiff's supervisor groped Plaintiff's buttocks;

   c. Plaintiff's supervisor groped Plaintiff's crotch;

   d. Plaintiff's supervisor touched and rubbed Plaintiff's nipples;

   e. Plaintiff's supervisor kissed Plaintiff on the neck;

   f. Plaintiff's supervisor approached Plaintiff from behind and whispered into his ear that he loved him;

   g. The behavior of Plaintiff's supervisor described in (a)-(f) took place in front of Plaintiff's coworkers and ANI-Hollywood management.

   h. ANI-Hollywood's management did nothing to stop or curb Plaintiff's supervisor from the behavior described in (a)-(f).

      i. Plaintiff's phone call and voicemail to Defendants' human resources office went unreturned; and

      j. Plaintiff was sent home from Defendants' human resources office when he attempted to meet with a human resources representative in person.

63. A reasonable person would have found that the offensive acts and statements materially altered the terms or conditions of Plaintiff's employment—and Plaintiff believed that such conduct did materially alter the terms or conditions of his employment.

64. Defendants, through ANI-Hollywood management and employees, as well as their human resources office, knew, or in the exercise of reasonable care should have known, about the hostile work environment.

65. And yet, Defendants failed to take prompt remedial action to eliminate the hostile work environment.

66. Plaintiff suffered damages as a result of Defendants' hostile work environment in an amount to be determined at trial.

## COUNT V
## **VIOLATION OF FCRA (CONSTRUCTIVE DISCHARGE)**
(as to all Defendants)

67. Plaintiff realleges and incorporates by reference paragraphs 1-30 as if fully set forth herein.

68. Defendants are prohibited from discriminating against Plaintiff in the terms and conditions of his employment because of his sex.

69. Plaintiff's supervisor made unwelcome sexual advances and attempted to force or coerce sexual favors from Plaintiff.

70. Plaintiff's supervisor did this with the threat of changing the terms and conditions of Plaintiff's employment.

71. Plaintiff resigned in April 2023. Among other factors contributing to Plaintiff's resignation, the following occurred:

   a. Plaintiff's supervisor hugged Plaintiff from behind;

   b. Plaintiff's supervisor groped Plaintiff's buttocks;

   c. Plaintiff's supervisor groped Plaintiff's crotch;

   d. Plaintiff's supervisor touched and rubbed Plaintiff's nipples;

   e. Plaintiff's supervisor kissed Plaintiff on the neck;

   f. Plaintiff's supervisor approached Plaintiff from behind and whispered into his ear that he loved him;

   g. The behavior of Plaintiff's supervisor described in (a)-(f) took place in front of Plaintiff's coworkers and ANI-Hollywood management.

   h. ANI-Hollywood's management did nothing to stop or curb Plaintiff's supervisor from the behavior described in (a)-(f).

   i. Plaintiff's phone call and voicemail to Defendants' human resources office went unreturned; and

   j. Plaintiff was sent home from Defendants' human resources office when he attempted to meet with a human resources representative in person.

72. These working conditions were so intolerable that a reasonable person in Plaintiff's position would have been compelled to resign.

73. As a result of Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT VI
## VIOLATION OF FCRA (HOSTILE WORK ENVIRONMENT)
(as to all Defendants)

74. Plaintiff realleges and incorporates by reference paragraphs 1-30. as if fully set forth herein.

75. The FCRA prohibits Defendants from discriminating against Plaintiff in the terms and conditions of his employment because of his sex.

76. Plaintiff's harassment was allowed because he is a heterosexual man. But for that status, Plaintiff would have been treated differently by Defendants leading up to and after the reporting of Mr. Rodriguez's misconduct.

77. Plaintiff did not welcome the offensive acts and statements of Mr. Rodriguez. The conduct of conduct was severe and pervasive to a degree that it materially altered the terms or conditions of Plaintiff's employment.

78. Among other factors demonstrating that Defendants' work environment had become hostile to Plaintiff, the following occurred:

   a. Plaintiff's supervisor hugged Plaintiff from behind;

   b. Plaintiff's supervisor groped Plaintiff's buttocks;

   c. Plaintiff's supervisor groped Plaintiff's crotch;

   d. Plaintiff's supervisor touched and rubbed Plaintiff's nipples;

   e. Plaintiff's supervisor kissed Plaintiff on the neck;

   f. Plaintiff's supervisor approached Plaintiff from behind and whispered into his ear that he loved him;

   g. The behavior of Plaintiff's supervisor described in (a)-(f) took place in front of Plaintiff's coworkers and ANI-Hollywood management.

   h. ANI-Hollywood's management did nothing to stop or curb Plaintiff's supervisor from the behavior described in (a)-(f).

      i. Plaintiff's phone call and voicemail to Defendants' human resources office went unreturned; and

      j. Plaintiff was sent home from Defendants' human resources office when he attempted to meet with a human resources representative in person.

79. A reasonable person would have found that the offensive acts and statements materially altered the terms or conditions of Plaintiff's employment—and Plaintiff believed that such conduct did materially alter the terms or conditions of his employment.

80. Defendants, through ANI-Hollywood management and employees, as well as their human resources office knew, or in the exercise of reasonable care should have known, about the hostile work environment.

81. And yet, Defendants failed to take prompt remedial action to eliminate the hostile work environment.

82. Plaintiff suffered damages as a result of Defendants' hostile work environment in an amount to be determined at trial.

**PRAYER FOR RELIEF**

Plaintiff requests the Court enter judgment in his favor and award him the following:

    a. Actual, compensatory, and punitive damages for Defendants' tortious conduct to the fullest extent permitted by law;

    b. All statutorily available damages pursuant to Title VII to the fullest extent permitted by law (including backpay, compensatory, and punitive damages);

    c. All statutorily available damages pursuant to the FCRA to the fullest extent permitted by law (including backpay, compensatory, and punitive damages);

    d. Costs and reasonable attorneys' fees;

    e. Pre-judgment and post-judgment interest;

    f. Final judgment on all counts in an amount of no less than $10,000,000; and

    g. Such other relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues that are triable to a jury.

Dated: September 13, 2023

Respectfully submitted,

By: *s/ Christopher S. Prater*
    Christopher S. Prater
    Florida Bar No.: 105488
    cprater@pollardllc.com

    Michael A. Boehringer
    Florida Bar No.:1018486
    mboehringer@pollardllc.com

    Jonathan E. Pollard
    Florida Bar No.: 83613
    jpollard@pollardllc.com

**Pollard PLLC**
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33031
Telephone: (954) 332-2380
*Attorneys for Plaintiff Juan Navarro*