UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

                                       CASE NO.: 23-16201-RAM

JUAN PABLO NAVARRO,                Chapter 7

      *Debtor.*

_____/

## DEBTOR'S MOTION FOR CLARIFICATION
## EMERGENCY HEARING REQUESTED
## BASIS FOR EXIGENCY:

**An Order Requiring Clarification was entered in *Navarro v. Autonation, Inc.*, et al., Case No. 0:23-cv-61772-RS, seeking clarification from the Bankruptcy Court as to whether the automatic stay applies.**

Debtor, Juan Pablo Navarro, through undersigned counsel and pursuant to Local Rule 9075-1, hereby files this Motion for Clarification regarding applicability of the 11 U.S.C. § 362 automatic stay to the United States District Court for the Southern District of Florida case of *Navarro v. Autonation,* Inc., *et al.*, Case No. 0:23-cv-61772-RS ("SDFL Case"), and states:

**I.    BACKGROUND, REASON FOR EXIGENCY, & DATE MOVANT REASONABLY BELIEVES SUCH HEARING MUST BE HELD**

1.  This case was filed on August 5, 2023. On September 13, 2023, Mr. Navarro filed the SDFL Case.[1] On October 13, 2023, Mr. Navarro's counsel in the SDFL Case filed a Corrected Suggestion of Bankruptcy, attached hereto as Exhibit "A". On October 17, 2023, the Court in the SDFL Case entered an Order Requiring Clarification (the "Order"), requiring that Plaintiff obtain and file "clarification from the Bankruptcy Court as to whether the automatic stay applies" to the SDFL Case by October 23, 2023. *See* Order, attached hereto as Exhibit "B".

---

[1] SDFL Counsel was unaware of this bankruptcy at the time of filing.

Upon receiving the Order, counsel in the SDFL Case reached out to the undersigned and the Trustee.

2.   On October 20, 2023, the Trustee indicated that the SDFL Case was not disclosed on Debtor's bankruptcy petition, that no amended petition has been filed, and that he has no objection to Debtor seeking clarification from this Court regarding applicability of the automatic stay.

3.   In light of the deadline to comply with the Order, movant respectfully requests emergency treatment of this motion and reasonably believes that a hearing on this matter should be held.

## II.  MEMORANDUM OF LAW

4.   As required by the Order, Debtor is seeking clarification from this Court regarding the applicability of the automatic stay to the SDFL Case. Counsel in the SDFL Case has indicated a belief that the stay applies to the SDFL Case given the defendants' requests for awards of "costs and expenses" against Debtor, as stated in their respective answers, defenses, and affirmative defenses. *See* 11 U.S.C. § 362(a)(1) and (3) ("(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"); *see also* SDFL Case D.E. 8 - Answer, Defenses and Affirmative Defenses by Defendant Hollywood Imports Limited, Inc., at 10, attached hereto as Exhibit "C"; SDFL Case D.E. 9 - Answer, Defenses and Affirmative Defenses by Defendant AutoNation, Inc., at 11, attached hereto as Exhibit "D".

## III. CONCLUSION

5.   Based on the foregoing, Debtor respectfully requests that this Court set an emergency hearing and enter an order clarifying whether the automatic stay applies to the SDFL Case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of October 2023, a true and correct copy of the

foregoing has been served as indicated below.

**FLORIDA DEBT RELIEF CENTER, LLC**
Attorneys for the Debtor
2385 NW Executive Center Drive
Suite 100
Boca Raton, Florida 33431
Telephone: 954-535-9905
Facsimile: 954-337-8500

By:/s/Jeffrey H. Tromberg
   Florida Bar No.: 882542
   jeff@debthappens.com

**By CM/ECF to:**
AIS Portfolio Services LP (Sharma) on behalf of Ally Financial, c/o AIS Portfolio Services, LLC
(amit.sharma@aisinfo.com)
Barry E Mukamal (bemtrustee@kapilamukamal.com, FL64@ecfcbis.com)
Barry E Mukamal on behalf of Trustee Barry E Mukamal
(bemtrustee@kapilamukamal.com, FL64@ecfcbis.com)
Office of the US Trustee (USTPRegion21.MM.ECF@usdoj.gov)
Steven D Schneiderman on behalf of U.S. Trustee Office of the US Trustee
(Steven.D.Schneiderman@usdoj.gov)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

JUAN NAVARRO, an individual,

       *Plaintiff,*                             **CASE NO.: 0:23-cv-61772-RS**

v.

HOLLYWOOD IMPORTS LIMITED, INC.
d/b/a AUTONATION HONDA HOLLYWOOD,
a Florida Corporation; and AUTONATION, INC.,
a Delaware Corporation,

       *Defendants.*

_____/

## CORRECTED SUGGESTION OF BANKRUPTCY

       Plaintiff, through undersigned counsel, hereby files this suggestion of bankruptcy to inform this Court that he filed a petition for relief under Title 11, Chapter 7, of the United States Code in the United States Bankruptcy Court for the Southern District of Florida. The petition has been assigned Case Number 23-16201-RAM. Pursuant to the Bankruptcy Code, 11 U.S.C. § 362, the above-styled cause is and has been automatically stayed.

Dated: October 13, 2023                  Respectfully submitted,

                                 By: */s/ Christopher S. Prater*
                                     **Jonathan Pollard**
                                     Florida Bar No.: 83613
                                     jpollard@pollardllc.com
                                     **Christopher S. Prater**
                                     Florida Bar No.: 105488
                                     cprater@pollardllc.com
                                     **Pollard PLLC**
                                     401 E. Las Olas Blvd., Ste. 1400
                                     Fort Lauderdale, Florida 33301
                                     Telephone: (954) 332-2380
                                     Fax: (866) 594-5731
                                     *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of October 2023, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By: /s/ *Christopher S. Prater*
Christopher S. Prater

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-61772-CIV-SMITH

JUAN NAVARRO,

                Plaintiff,

vs.

HOLLYWOOD IMPORTS
LIMITED, INC., *et al.*,

                Defendants.

_____/

### <u>ORDER REQUIRING CLARIFICATION</u>

This matter is before the Court on Plaintiff's Corrected Suggestion of Bankruptcy [DE 17],

indicating that Plaintiff has filed for relief under Chapter 7 of the Bankruptcy Code and declaring

that this matter is automatically stayed. Generally, however, the automatic stay applies to actions

*against* the debtor. *See* 11 U.S.C. § 362(a)(1). Accordingly, it is

**ORDERED that,** by **October 23, 2023**, Plaintiff shall obtain and file with this Court

clarification from the Bankruptcy Court as to whether the automatic stay applies to this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of October, 2023.

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc:    All counsel of record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 23-61772-CIV-SMITH

JUAN NAVARRO,

      Plaintiff,

v.

HOLLYWOOD IMPORTS LIMITED, INC.,
and AUTONATION, INC.

      Defendant.

_____/

## ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES BY DEFENDANT HOLLYWOOD IMPORTS LIMITED, INC.

Defendant Hollywood Imports Limited, Inc. ("Hollywood Imports"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b), responds to the numbered paragraphs of the Complaint (ECF No. 1) filed by Plaintiff Juan Navarro ("Plaintiff") as follows:

1.     Hollywood Imports admits that Plaintiff purports to seek damages in this action pursuant to Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and for negligent retention and supervision under Florida common law, but denies that Plaintiff has stated any claim for which Hollywood Imports is liable and denies that Plaintiff is entitled to any relief against Hollywood Imports.

2.     Hollywood Imports is without knowledge of Plaintiff's residence. Hollywood Imports admits it was Plaintiff's employer from March 24, 2022 to April 29, 2023. Hollywood Imports denies that AutoNation, Inc. was Plaintiff's employer.

1

3.      Hollywood Imports admits that AutoNation, Inc. is a Delaware corporation with its principal address at 200 S.W. 1st Avenue, 14th Floor, Fort Lauderdale, Florida 33301. Hollywood Imports admits that AutoNation, Inc. does business in the State of Florida. Hollywood Imports denies the remaining allegations of this paragraph of Plaintiff's Complaint.

4.      Hollywood Imports admits it is a Florida corporation with its principal address at 2400 North 60th Avenue, Hollywood, Florida 33021.   Hollywood Imports admits it does business in the State of Florida.   Hollywood Imports admits that from March 24, 2023 to April 29, 2023 it was Plaintiff's "employer" as that term is defined by 42 U.S.C. § 2000e(b) and Florida Statute § 760.02(7).

5.      Hollywood Imports admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, but denies that Plaintiff has stated any claim for which Hollywood Imports is liable and denies that Plaintiff is entitled to any relief against Hollywood Imports.

6.      Hollywood Imports admits that the allegations set forth in Counts I, II, V, and VI are of a type and nature that permit the Court to exercise supplemental jurisdiction over those Counts, but denies that Plaintiff has stated any claim for which Hollywood Imports is liable and denies that Plaintiff is entitled to any relief against Hollywood Imports.

7.      Hollywood Imports admits that it is subject to personal jurisdiction in this action, but denies that Plaintiff has stated any claim for which Hollywood Imports is liable and denies that Plaintiff is entitled to any relief against Hollywood Imports.

8.      Hollywood Imports admits that venue is proper in the Southern District of Florida in this action pursuant to 28 U.S.C. § 1391(b), but denies that Plaintiff has stated any claim for

which Hollywood Imports is liable and denies that Plaintiff is entitled to any relief against Hollywood Imports.

9.      Hollywood Imports admits that Plaintiff filed Charge of Discrimination No. 510-2023-07302 on June 9, 2023 against Hollywood Imports, admits that the Equal Employment Opportunity Commission dismissed Charge No. 510-2023-07302 on July 25, 2023, and admits that this action was filed within ninety (90) days of July 25, 2023.   The remaining allegations of this paragraph are denied.

10.      Hollywood Imports admits that AutoNation, Inc., through its subsidiaries, is one of the largest automotive retailers in the United States.

11.      Hollywood Imports admits that it is known as an AutoNation dealership. Hollywood Imports admits that this paragraph of Plaintiff's Complaint contains a portion of language appearing in the Form 10-Q filed by AutoNation, Inc. for the period ending June 30, 2023.

12.      Hollywood Imports admits it uses the website address reflected in this paragraph of Plaintiff's Complaint and that website contains an AutoNation mark.   Hollywood Imports admits that its website can be accessed via the website of AutoNation, Inc.

13.      Denied.

14.      Hollywood Imports admits that certain resources, processes, directives, guidance, policies and procedures, and other operational input that originate with AutoNation, Inc. are used by Hollywood Imports in the management of Hollywood Imports.

15.      Hollywood Imports admit that the operational input described in paragraph 14 above includes certain components of human resources and other aspects of employment, but

denies that rendered AutoNation, Inc. a joint employer of Plaintiff and denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

16.     Hollywood Imports admits that its mailing address is 200 S.W. 1st Avenue, 14th Floor, Fort Lauderdale, Florida 33301.    Hollywood Imports admits that address is also used by AutoNation, Inc. as its principal address.

17.     Hollywood Imports admits that Nicholas Schnelle is President and a Director of Hollywood Imports.    Hollywood Imports admits that Nicholas Schnelle previously held a title of Market President.

18.     Hollywood Imports admits that Tracy Lynn Leiser is Vice President, Secretary and Treasurer of Hollywood Imports.    Hollywood Imports admits that Tracy Leiser presently holds a title of Regional Vice President of Finance.

19.     Hollywood Imports admits that Plaintiff became an employee of Hollywood Imports on March 23, 2022 and admits he worked at its location of 2400 North State Road 7, Hollywood, Florida 33301

20.     Denied.

21.     In that the allegations of paragraph 20 are denied, the allegations of this paragraph, which is premised on those allegations, are also denied.

22.     Hollywood Imports is without direct knowledge of the allegations contained in this paragraph.

23.     In that the allegations of paragraph 20 are denied, the allegations of this paragraph, which is premised on those allegations, are also denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Hollywood Imports is without direct knowledge of the allegations contained in this paragraph.

28.     The allegations of this paragraph do not provide information sufficiently specific to permit a response, in that no date, time, phone number or particular recipient of any voicemail message is identified, and are accordingly denied.

29.     The allegations of this paragraph do not provide information sufficiently specific to permit a response, in that no date or time is provided, nor any identification of any person(s) with whom Plaintiff contends he communicated, and are accordingly denied.

30.     Hollywood Imports admits that Plaintiff tendered his resignation in April 2023. In that the allegations of paragraph 20 are denied, the remaining allegations of this paragraph, which is premised on those allegations, are also denied.

## Response to Count I

31.     For its response to this paragraph of Plaintiff's Complaint, Hollywood Imports incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

32.     Denied.

33.     Denied.

34.     Hollywood Imports denies the existence of or knowledge of any conduct by Mr. Rodriguez akin to that alleged occurring on its premises.     Hollywood Imports states that such conduct would be outside the course and scope of the employment of Mr. Rodriguez.

35.     Denied.

36.     Hollywood Imports admits as a general proposition of law that an employer may have a duty of reasonable care in the supervision of its employees, but denies any allegation or

implication that it failed to exercise such care and denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

     37.    Denied.

     38.    Denied.

     39.    Denied.

     40.    Denied.

## Response to Count II

     41.    For its response to this paragraph of Plaintiff's Complaint, Hollywood Imports incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

     42.    Denied.

     43.    Denied.

     44.    Hollywood Imports denies the existence of or knowledge of any conduct by Mr. Rodriguez akin to that alleged occurring on its premises. Hollywood Imports states that such conduct would be outside the course and scope of the employment of Mr. Rodriguez.

     45.    Denied.

     46.    Denied.

     47.    Denied.

     48.    Denied.

     49.    Denied.

     50.    Denied.

## Response to Count III

     51.    For its response to this paragraph of Plaintiff's Complaint, Hollywood Imports incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

52.     Hollywood Imports admits that 42 U.S.C. § 2000e-2(a)(1) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against Hollywood Imports and denies that Plaintiff is entitled to any relief against Hollywood Imports.

53.     Denied.

54.     Denied.

55.     Hollywood Imports admits that Plaintiff resigned his employment with Hollywood Imports in April 2023.     The remaining allegations of this paragraph of Plaintiff's Complaint are denied.

56.     Denied.

57.     Denied.

### **Response to Count IV**

58.     For its response to this paragraph of Plaintiff's Complaint, Hollywood Imports incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

59.     Hollywood Imports admits that 42 U.S.C. § 2000e-2(a)(1) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against Hollywood Imports and denies that Plaintiff is entitled to any relief against Hollywood Imports.

60.     Denied.

61. In that the allegations of alleged "offensive acts and statements" are denied, the allegations of the first sentence of paragraph 61 of Plaintiff's Complaint are denied. The remaining allegations contained in this paragraph of Plaintiff's Complaint are denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## Response to Count V

67. For its response to this paragraph of Plaintiff's Complaint, Hollywood Imports incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

68. Hollywood Imports admits that Florida Statute § 760.10(1)(a) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against Hollywood Imports and denies that Plaintiff is entitled to any relief against Hollywood Imports.

69. Denied.

70. Denied.

71. Hollywood Imports admits that Plaintiff resigned his employment with Hollywood Imports in April 2023. The remaining allegations of this paragraph of Plaintiff's Complaint are denied.

72. Denied.

73. Denied.

8

**Response to Count VI**

74. For its response to this paragraph of Plaintiff's Complaint, Hollywood Imports incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

75. Hollywood Imports admits that Florida Statute § 760.10(1)(a) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against Hollywood Imports and denies that Plaintiff is entitled to any relief against Hollywood Imports.

76. Denied.

77. In that the allegations of alleged "offensive acts and statements" are denied, the allegations of the first sentence of paragraph 77 of Plaintiff's Complaint are denied. The remaining allegations contained in this paragraph of Plaintiff's Complaint are denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Hollywood Imports denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein, including without limitation any assertions contained in footnotes, Plaintiff's Prayer for Relief, or otherwise.

## DEFENSES AND AFFIRMATIVE DEFENSES

In asserting these defenses and affirmative defenses, Hollywood Imports does not assume the burden of proof as to matters that pursuant to law are Plaintiff's burden to prove. Without

conceding the burden of proof as to any of the following or waiving the right to require Plaintiff to present *prima facie* evidence in support of his claim(s) and allegations, Hollywood Imports, considering applicable standards of proof, asserts as follows:

84.     Plaintiff's claims are barred or limited as follows:  (a)  by (with respect to Counts V and VI), Plaintiff's premature filing of those Counts prior to the exhaustion and expiration of the 180-day period provided for by Florida Statute § 760.11(3);  (b)  by the fact that reasonable care was exercised to prevent and correct promptly any alleged harassing behavior, in that a strong and officially-promulgated policy against harassment is in place and reasonable care was otherwise exercised to address or redress any alleged unlawful behavior to which Plaintiff claims he was subjected, and Plaintiff unreasonably failed to take advantage of protective or corrective opportunities or to avoid harm otherwise, and failed to avail himself timely of the avenues created by this policy;   (c)  by Plaintiff's failure to minimize or mitigate the damages he claims are associated with his employment or the termination thereof;  (d) with respect to Plaintiff's attempt to seek punitive damages (i) in Count I and II, by Plaintiff's failure to set forth a sufficient basis for recovery of such damages under Florida Statute § 768.72(2) and (3); (ii) in Counts III-VI, because any act or omission giving rise to Plaintiff's claims was contrary to good faith efforts to comply with Title VII and the Florida Civil Rights Act.

WHEREFORE Defendant Hollywood Imports Limited, Inc., requests that the Court enter an Order dismissing the claims asserted in this action against Hollywood Imports Limited, Inc. with prejudice and awarding the costs and expenses properly awarded under applicable law.

Dated: <u>October 6, 2023.</u>

Respectfully submitted,

<u>s/ *Eric K. Gabrielle*</u>
Eric K. Gabrielle (Florida Bar No. 160725)
Email: egabrielle@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER**
**ALHADEFF & SITTERSON, P.A.**
200 East Las Olas Boulevard – Suite 2100
Fort Lauderdale, Florida 33301
Telephone: 954-462-9527
Facsimile: 954-462-9567
*Attorneys for Defendants*

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-61772-CIV-SMITH

JUAN NAVARRO,

     Plaintiff,

v.

HOLLYWOOD IMPORTS LIMITED, INC.,
and AUTONATION, INC.

     Defendant.

_____/

**ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES BY DEFENDANT
AUTONATION, INC.**

Defendant AutoNation, Inc. ("AutoNation"),[1] through undersigned counsel and pursuant
to Federal Rule of Civil Procedure 12(b), responds to the numbered paragraphs of the Complaint
(ECF No. 1) filed by Plaintiff Juan Navarro ("Plaintiff") as follows:

1.     AutoNation admits that Plaintiff purports to seek damages in this action pursuant
to Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and for negligent
retention and supervision under Florida common law, but denies that Plaintiff has stated any
claim for which AutoNation is liable and denies that Plaintiff is entitled to any relief against
AutoNation.

2.     AutoNation is without knowledge of Plaintiff's residence.    AutoNation denies it
was Plaintiff's employer.    AutoNation admits that Plaintiff was employed by Hollywood
Imports Limited, Inc. from March 24, 2022 to April 29, 2023.

---

[1] The naming convention used in this Answer, Defenses and Affirmative Defenses defines "AutoNation" solely as
AutoNation, Inc., and does not adopt or reflect the naming convention used in Plaintiff's Complaint, which
combines both AutoNation, Inc. and Hollywood Imports Limited, Inc., into the term "AutoNation."

1

3.      AutoNation admits it is a Delaware corporation with its principal address at 200 S.W. 1st Avenue, 14th Floor, Fort Lauderdale, Florida 33301.   AutoNation admits it does business in the State of Florida.   AutoNation denies the remaining allegations of this paragraph of Plaintiff's Complaint.

4.      AutoNation admits that Hollywood Imports Limited, Inc. is a Florida corporation with its principal address at 2400 North 60th Avenue, Hollywood, Florida 33021.   AutoNation admits that Hollywood Imports Limited, Inc. does business in the State of Florida.   AutoNation admits that from March 24, 2023 to April 29, 2023 Hollywood Imports Limited, Inc. was Plaintiff's "employer" as that term is defined by 42 U.S.C. § 2000e(b) and Florida Statute § 760.02(7).

5.      AutoNation admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, but denies that Plaintiff has stated any claim for which AutoNation is liable and denies that Plaintiff is entitled to any relief against AutoNation.

6.      AutoNation admits that the allegations set forth in Counts I, II, V, and VI are of a type and nature that permit the Court to exercise supplemental jurisdiction over those Counts, but denies that Plaintiff has stated any claim for which AutoNation is liable and denies that Plaintiff is entitled to any relief against AutoNation.

7.      AutoNation admits that it is subject to personal jurisdiction in this action, but denies that Plaintiff has stated any claim for which AutoNation is liable and denies that Plaintiff is entitled to any relief against AutoNation.

8.      AutoNation admits that venue is proper in the Southern District of Florida in this action pursuant to 28 U.S.C. § 1391(b), but denies that Plaintiff has stated any claim for which AutoNation is liable and denies that Plaintiff is entitled to any relief against AutoNation.

9.     AutoNation admits that Plaintiff filed Charge of Discrimination No. 510-2023-07302 on June 9, 2023 against Hollywood Imports Limited, Inc., admits that the Equal Employment Opportunity Commission dismissed Charge No. 510-2023-07302 on July 25, 2023, and admits that this action was filed within ninety (90) days of July 25, 2023.   The remaining allegations of this paragraph are denied.

10.     AutoNation admits that, through its subsidiaries, it is one of the largest automotive retailers in the United States.

11.     AutoNation admits that Hollywood Imports Limited, Inc. is known as an AutoNation dealership. AutoNation admits that this paragraph of Plaintiff's Complaint contains a portion of language appearing in the Form 10-Q filed by AutoNation for the period ending June 30, 2023.

12.     AutoNation admits that Hollywood Imports Limited, Inc. uses the website address reflected in this paragraph of Plaintiff's Complaint and that website contains an AutoNation mark.   AutoNation admits that the website of Hollywood Imports Limited, Inc. can be accessed via the website of AutoNation.

13.     Denied.

14.     AutoNation admits that certain resources, processes, directives, guidance, policies and procedures, and other operational input that originate with AutoNation are used by Hollywood Imports Limited, Inc. in the management of Hollywood Imports Limited, Inc.

15.     AutoNation admits that the operational input described in paragraph 14 above includes certain components of human resources and other aspects of employment, but denies that rendered AutoNation a joint employer of Plaintiff and denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

16.     AutoNation admits that Hollywood Imports Limited, Inc. uses as its mailing address 200 S.W. 1st Avenue, 14th Floor, Fort Lauderdale, Florida 33301.    AutoNation admits that address is also used by AutoNation as its principal address.

17.     AutoNation admits that Nicholas Schnelle is President and a Director of Hollywood Imports Limited, Inc.    AutoNation admits that Nicholas Schnelle previously held a title of Market President.

18.     AutoNation admits that Tracy Lynn Leiser is Vice President, Secretary and Treasurer of Hollywood Imports Limited, Inc.    AutoNation admits that Tracy Leiser presently holds a title of Regional Vice President of Finance.

19.     AutoNation admits that Plaintiff became an employee of Hollywood Imports Limited, Inc., on March 23, 2022, and admits that he worked at its location of 2400 North State Road 7, Hollywood, Florida 33301.

20.     Denied.

21.     In that the allegations of paragraph 20 are denied, the allegations of this paragraph, which is premised on those allegations, are also denied.

22.     AutoNation is without direct knowledge of the allegations contained in this paragraph.

23.     In that the allegations of paragraph 20 are denied, the allegations of this paragraph, which is premised on those allegations, are also denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.    AutoNation is without direct knowledge of the allegations contained in this paragraph.

28.    The allegations of this paragraph do not provide information sufficiently specific to permit a response, in that no date, time, phone number or particular recipient of any voicemail message is identified, and are accordingly denied.

29.    The allegations of this paragraph do not provide information sufficiently specific to permit a response, in that no date or time is provided, nor any identification of any person(s) with whom Plaintiff contends he communicated, and are accordingly denied.

30.    AutoNation admits that Plaintiff tendered his resignation in April 2023.  In that the allegations of paragraph 20 are denied, the remaining allegations of this paragraph, which is premised on those allegations, are also denied.

### **Response to Count I**

31.    For its response to this paragraph of Plaintiff's Complaint, AutoNation incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

32.    Denied.

33.    Denied.

34.    AutoNation denies the existence of or knowledge of any conduct by Mr. Rodriguez akin to that alleged occurring on the premises of Hollywood Imports Limited, Inc. AutoNation states that such conduct would be outside the course and scope of the employment of any person employed by a dealership affiliated with AutoNation.

35.    Denied.

36.    AutoNation admits as a general proposition of law that an employer may have a duty of reasonable care in the supervision of its employees, but denies any allegation or

implication that it failed to exercise such care and denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

## **Response to Count II**

41.     For its response to this paragraph of Plaintiff's Complaint, AutoNation incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

42.     Denied.

43.     Denied.

44.     AutoNation denies the existence of or knowledge of any conduct by Mr. Rodriguez akin to that alleged occurring on the premises of Hollywood Imports Limited, Inc. AutoNation states that such conduct would be outside the course and scope of the employment of a person employed by a dealership affiliated with AutoNation.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

## Response to Count III

51.     For its response to this paragraph of Plaintiff's Complaint, AutoNation incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

52.     AutoNation admits that 42 U.S.C. § 2000e-2(a)(1) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against AutoNation and denies that Plaintiff is entitled to any relief against AutoNation.

53.     Denied.

54.     Denied.

55.     AutoNation admits that Plaintiff resigned his employment with Hollywood Imports Limited, Inc. in April 2023.     The remaining allegations of this paragraph of Plaintiff's Complaint are denied.

56.     Denied.

57.     Denied.

## Response to Count IV

58.     For its response to this paragraph of Plaintiff's Complaint, AutoNation incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

59.     AutoNation admits that 42 U.S.C. § 2000e-2(a)(1) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against AutoNation and denies that Plaintiff is entitled to any relief against AutoNation.

60.     Denied.

61.     In that the allegations of alleged "offensive acts and statements" are denied, the allegations of the first sentence of paragraph 61 of Plaintiff's Complaint are denied.    The remaining allegations contained in this paragraph of Plaintiff's Complaint are denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

## Response to Count V

67.     For its response to this paragraph of Plaintiff's Complaint, AutoNation incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

68.     AutoNation admits that Florida Statute § 760.10(1)(a) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against AutoNation and denies that Plaintiff is entitled to any relief against AutoNation.

69.     Denied.

70.     Denied.

71.     AutoNation admits that Plaintiff resigned his employment with Hollywood Imports Limited, Inc. in April 2023.    The remaining allegations of this paragraph of Plaintiff's Complaint are denied.

72.     Denied.

73. Denied.

## Response to Count VI

74. For its response to this paragraph of Plaintiff's Complaint, AutoNation incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

75. AutoNation admits that Florida Statute § 760.10(1)(a) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against AutoNation and denies that Plaintiff is entitled to any relief against AutoNation.

76. Denied.

77. In that the allegations of alleged "offensive acts and statements" are denied, the allegations of the first sentence of paragraph 77 of Plaintiff's Complaint are denied. The remaining allegations contained in this paragraph of Plaintiff's Complaint are denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. AutoNation denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein, including without limitation any assertions contained in footnotes, Plaintiff's Prayer for Relief, or otherwise.

## DEFENSES AND AFFIRMATIVE DEFENSES

In asserting these defenses and affirmative defenses, AutoNation does not assume the burden of proof as to matters that pursuant to law are Plaintiff's burden to prove. Without conceding the burden of proof as to any of the following or waiving the right to require Plaintiff to present *prima facie* evidence in support of his claim(s) and allegations, AutoNation, considering applicable standards of proof, asserts as follows:

84.    Plaintiff's claims are barred or limited as follows:    (a)  by Plaintiff's failure to file a Charge of Discrimination against AutoNation as required by 42 U.S.C. § 2000e-5(e)(1) (with respect to Counts III and IV) and Florida Statute § 760.11(1)(with respect to Counts V and VI);  (b)  by the fact that reasonable care was exercised to prevent and correct promptly any alleged harassing behavior, in that a strong and officially-promulgated policy against harassment is in place and reasonable care was otherwise exercised to address or redress any alleged unlawful behavior to which Plaintiff claims he was subjected, and Plaintiff unreasonably failed to take advantage of protective or corrective opportunities or to avoid harm otherwise, by failing to avail himself timely of the avenues created by this policy;    (c) by Plaintiff's failure to minimize or mitigate the damages he claims are associated with his employment or the termination thereof;  (d)  with respect to Plaintiff's attempt to seek punitive damages (i) in Count I and II, by Plaintiff's failure to set forth a sufficient basis for recovery of such damages under Florida Statute § 768.72(2) and (3); (ii) in Counts III-VI, because any act or omission giving rise to Plaintiff's claims was contrary to good faith efforts to comply with Title VII and the Florida Civil Rights Act.

WHEREFORE AutoNation, Inc., requests that the Court enter an Order dismissing the claims asserted in this action against AutoNation, Inc. with prejudice and awarding the costs and expenses properly awarded under applicable law.

Dated: October 6, 2023.

Respectfully submitted,

s/ *Eric K. Gabrielle*
Eric K. Gabrielle (Florida Bar No. 160725)
Email: egabrielle@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.**
200 East Las Olas Boulevard – Suite 2100
Fort Lauderdale, Florida 33301
Telephone: 954-462-9527
Facsimile: 954-462-9567
*Attorneys for Defendants*