UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-61772-CIV-SMITH

JUAN NAVARRO,

    Plaintiff,

v.

HOLLYWOOD IMPORTS LIMITED, INC.,
and AUTONATION, INC.

    Defendant.
_____/

## AMENDED ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES BY DEFENDANT HOLLYWOOD IMPORTS LIMITED, INC.

Defendant Hollywood Imports Limited, Inc. ("Hollywood Imports"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b), responds to the numbered paragraphs of the Complaint (ECF No. 1) filed by Plaintiff Juan Navarro ("Plaintiff") as follows:

    1.    Hollywood Imports admits that Plaintiff purports to seek damages in this action pursuant to Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and for negligent retention and supervision under Florida common law, but denies that Plaintiff has stated any claim for which Hollywood Imports is liable and denies that Plaintiff is entitled to any relief against Hollywood Imports.

    2.    Hollywood Imports is without knowledge of Plaintiff's residence. Hollywood Imports admits it was Plaintiff's employer from March 24, 2022 to April 29, 2023. Hollywood Imports denies that AutoNation, Inc. was Plaintiff's employer.

3. Hollywood Imports admits that AutoNation, Inc. is a Delaware corporation with its principal address at 200 S.W. 1st Avenue, 14th Floor, Fort Lauderdale, Florida 33301. Hollywood Imports admits that AutoNation, Inc. does business in the State of Florida. Hollywood Imports denies the remaining allegations of this paragraph of Plaintiff's Complaint.

4. Hollywood Imports admits it is a Florida corporation with its principal address at 2400 North 60th Avenue, Hollywood, Florida 33021. Hollywood Imports admits it does business in the State of Florida. Hollywood Imports admits that from March 24, 2023 to April 29, 2023 it was Plaintiff's "employer" as that term is defined by 42 U.S.C. § 2000e(b) and Florida Statute § 760.02(7).

5. Hollywood Imports admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, but denies that Plaintiff has stated any claim for which Hollywood Imports is liable and denies that Plaintiff is entitled to any relief against Hollywood Imports.

6. Hollywood Imports admits that the allegations set forth in Counts I, II, V, and VI are of a type and nature that permit the Court to exercise supplemental jurisdiction over those Counts, but denies that Plaintiff has stated any claim for which Hollywood Imports is liable and denies that Plaintiff is entitled to any relief against Hollywood Imports.

7. Hollywood Imports admits that it is subject to personal jurisdiction in this action, but denies that Plaintiff has stated any claim for which Hollywood Imports is liable and denies that Plaintiff is entitled to any relief against Hollywood Imports.

8. Hollywood Imports admits that venue is proper in the Southern District of Florida in this action pursuant to 28 U.S.C. § 1391(b), but denies that Plaintiff has stated any claim for

which Hollywood Imports is liable and denies that Plaintiff is entitled to any relief against Hollywood Imports.

9. Hollywood Imports admits that Plaintiff filed Charge of Discrimination No. 510-2023-07302 on June 9, 2023 against Hollywood Imports, admits that the Equal Employment Opportunity Commission dismissed Charge No. 510-2023-07302 on July 25, 2023, and admits that this action was filed within ninety (90) days of July 25, 2023. The remaining allegations of this paragraph are denied.

10. Hollywood Imports admits that AutoNation, Inc., through its subsidiaries, is one of the largest automotive retailers in the United States.

11. Hollywood Imports admits that it is known as an AutoNation dealership. Hollywood Imports admits that this paragraph of Plaintiff's Complaint contains a portion of language appearing in the Form 10-Q filed by AutoNation, Inc. for the period ending June 30, 2023.

12. Hollywood Imports admits it uses the website address reflected in this paragraph of Plaintiff's Complaint and that website contains an AutoNation mark. Hollywood Imports admits that its website can be accessed via the website of AutoNation, Inc.

13. Denied.

14. Hollywood Imports admits that certain resources, processes, directives, guidance, policies and procedures, and other operational input that originate with AutoNation, Inc. are used by Hollywood Imports in the management of Hollywood Imports.

15. Hollywood Imports admit that the operational input described in paragraph 14 above includes certain components of human resources and other aspects of employment, but

denies that rendered AutoNation, Inc. a joint employer of Plaintiff and denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

16. Hollywood Imports admits that its mailing address is 200 S.W. 1st Avenue, 14th Floor, Fort Lauderdale, Florida 33301. Hollywood Imports admits that address is also used by AutoNation, Inc. as its principal address.

17. Hollywood Imports admits that Nicholas Schnelle is President and a Director of Hollywood Imports. Hollywood Imports admits that Nicholas Schnelle previously held a title of Market President.

18. Hollywood Imports admits that Tracy Lynn Leiser was formerly Vice President, Secretary and Treasurer of Hollywood Imports. Hollywood Imports admits that Tracy Leiser formerly held a title of Regional Vice President of Finance.

19. Hollywood Imports admits that Plaintiff became an employee of Hollywood Imports on March 23, 2022 and admits he worked at its location of 2400 North State Road 7, Hollywood, Florida 33301

20. Denied.

21. In that the allegations of paragraph 20 are denied, the allegations of this paragraph, which is premised on those allegations, are also denied.

22. Hollywood Imports is without direct knowledge of the allegations contained in this paragraph.

23. In that the allegations of paragraph 20 are denied, the allegations of this paragraph, which is premised on those allegations, are also denied.

24. Denied.

25. Denied.

26. Denied.

27. Hollywood Imports is without direct knowledge of the allegations contained in this paragraph.

28. The allegations of this paragraph do not provide information sufficiently specific to permit a response, in that no date, time, phone number or particular recipient of any voicemail message is identified, and are accordingly denied.

29. The allegations of this paragraph do not provide information sufficiently specific to permit a response, in that no date or time is provided, nor any identification of any person(s) with whom Plaintiff contends he communicated, and are accordingly denied.

30. Hollywood Imports admits that Plaintiff tendered his resignation in April 2023. In that the allegations of paragraph 20 are denied, the remaining allegations of this paragraph, which is premised on those allegations, are also denied.

## Response to Count I

31. For its response to this paragraph of Plaintiff's Complaint, Hollywood Imports incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

32. Denied.

33. Denied.

34. Hollywood Imports denies the existence of or knowledge of any conduct by Mr. Rodriguez akin to that alleged occurring on its premises.    Hollywood Imports states that such conduct would be outside the course and scope of the employment of Mr. Rodriguez.

35. Denied.

36. Hollywood Imports admits as a general proposition of law that an employer may have a duty of reasonable care in the supervision of its employees, but denies any allegation or

implication that it failed to exercise such care and denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

### Response to Count II

41. For its response to this paragraph of Plaintiff's Complaint, Hollywood Imports incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

42. Denied.

43. Denied.

44. Hollywood Imports denies the existence of or knowledge of any conduct by Mr. Rodriguez akin to that alleged occurring on its premises. Hollywood Imports states that such conduct would be outside the course and scope of the employment of Mr. Rodriguez.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

### Response to Count III

51. For its response to this paragraph of Plaintiff's Complaint, Hollywood Imports incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

52.     Hollywood Imports admits that 42 U.S.C. § 2000e-2(a)(1) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against Hollywood Imports and denies that Plaintiff is entitled to any relief against Hollywood Imports.

53.     Denied.

54.     Denied.

55.     Hollywood Imports admits that Plaintiff resigned his employment with Hollywood Imports in April 2023.  The remaining allegations of this paragraph of Plaintiff's Complaint are denied.

56.     Denied.

57.     Denied.

### Response to Count IV

58.     For its response to this paragraph of Plaintiff's Complaint, Hollywood Imports incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

59.     Hollywood Imports admits that 42 U.S.C. § 2000e-2(a)(1) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against Hollywood Imports and denies that Plaintiff is entitled to any relief against Hollywood Imports.

60.     Denied.

61. In that the allegations of alleged "offensive acts and statements" are denied, the allegations of the first sentence of paragraph 61 of Plaintiff's Complaint are denied. The remaining allegations contained in this paragraph of Plaintiff's Complaint are denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

**Response to Count V**

67. For its response to this paragraph of Plaintiff's Complaint, Hollywood Imports incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

68. Hollywood Imports admits that Florida Statute § 760.10(1)(a) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against Hollywood Imports and denies that Plaintiff is entitled to any relief against Hollywood Imports.

69. Denied.

70. Denied.

71. Hollywood Imports admits that Plaintiff resigned his employment with Hollywood Imports in April 2023. The remaining allegations of this paragraph of Plaintiff's Complaint are denied.

72. Denied.

73. Denied.

**Response to Count VI**

74. For its response to this paragraph of Plaintiff's Complaint, Hollywood Imports incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

75. Hollywood Imports admits that Florida Statute § 760.10(1)(a) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against Hollywood Imports and denies that Plaintiff is entitled to any relief against Hollywood Imports.

76. Denied.

77. In that the allegations of alleged "offensive acts and statements" are denied, the allegations of the first sentence of paragraph 77 of Plaintiff's Complaint are denied. The remaining allegations contained in this paragraph of Plaintiff's Complaint are denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Hollywood Imports denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein, including without limitation any assertions contained in footnotes, Plaintiff's Prayer for Relief, or otherwise.

**DEFENSES AND AFFIRMATIVE DEFENSES**

In asserting these defenses and affirmative defenses, Hollywood Imports does not assume the burden of proof as to matters that pursuant to law are Plaintiff's burden to prove. Without

conceding the burden of proof as to any of the following or waiving the right to require Plaintiff to present *prima facie* evidence in support of his claim(s) and allegations, Hollywood Imports, considering applicable standards of proof, asserts as follows:

84. Plaintiff's claims are barred or limited as follows: (a) by (with respect to Counts V and VI), Plaintiff's premature filing of those Counts prior to the exhaustion and expiration of the 180-day period provided for by Florida Statute § 760.11(3); (b) by the fact that reasonable care was exercised to prevent and correct promptly any alleged harassing behavior, in that a strong and officially-promulgated policy against harassment is in place and reasonable care was otherwise exercised to address or redress any alleged unlawful behavior to which Plaintiff claims he was subjected, and Plaintiff unreasonably failed to take advantage of protective or corrective opportunities or to avoid harm otherwise, and failed to avail himself timely of the avenues created by this policy; (c) by Plaintiff's failure to minimize or mitigate the damages he claims are associated with his employment or the termination thereof; (d) with respect to Plaintiff's attempt to seek punitive damages (i) in Count I and II, by Plaintiff's failure to set forth a sufficient basis for recovery of such damages under Florida Statute § 768.72(2) and (3); (ii) in Counts III-VI, because any act or omission giving rise to Plaintiff's claims was contrary to good faith efforts to comply with Title VII and the Florida Civil Rights Act.

WHEREFORE Defendant Hollywood Imports Limited, Inc., requests that the Court enter an Order dismissing the claims asserted in this action against Hollywood Imports Limited, Inc. with prejudice and awarding the costs and expenses properly awarded under applicable law.

Dated: October 26, 2023.

          Respectfully submitted,

          s/ *Eric K. Gabrielle*
          Eric K. Gabrielle (Florida Bar No. 160725)
          Email: egabrielle@stearnsweaver.com
          **STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
          200 East Las Olas Boulevard – Suite 2100
          Fort Lauderdale, Florida  33301
          Telephone:  954-462-9527
          Facsimile:  954-462-9567
          *Attorneys for Defendants*