UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-61772-CIV-SMITH

JUAN NAVARRO,

    Plaintiff,

v.

HOLLYWOOD IMPORTS LIMITED, INC.,
and AUTONATION, INC.

    Defendant.
_____/

## AMENDED ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES BY DEFENDANT AUTONATION, INC.

Defendant AutoNation, Inc. ("AutoNation"),[1] through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b), responds to the numbered paragraphs of the Complaint (ECF No. 1) filed by Plaintiff Juan Navarro ("Plaintiff") as follows:

1. AutoNation admits that Plaintiff purports to seek damages in this action pursuant to Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and for negligent retention and supervision under Florida common law, but denies that Plaintiff has stated any claim for which AutoNation is liable and denies that Plaintiff is entitled to any relief against AutoNation.

2. AutoNation is without knowledge of Plaintiff's residence. AutoNation denies it was Plaintiff's employer. AutoNation admits that Plaintiff was employed by Hollywood Imports Limited, Inc. from March 24, 2022 to April 29, 2023.

---

[1] The naming convention used in this Amended Answer, Defenses and Affirmative Defenses defines "AutoNation" solely as AutoNation, Inc., and does not adopt or reflect the naming convention used in Plaintiff's Complaint, which combines both AutoNation, Inc. and Hollywood Imports Limited, Inc., into the term "AutoNation."

1

3. AutoNation admits it is a Delaware corporation with its principal address at 200 S.W. 1st Avenue, 14th Floor, Fort Lauderdale, Florida 33301. AutoNation admits it does business in the State of Florida. AutoNation denies the remaining allegations of this paragraph of Plaintiff's Complaint.

4. AutoNation admits that Hollywood Imports Limited, Inc. is a Florida corporation with its principal address at 2400 North 60th Avenue, Hollywood, Florida 33021. AutoNation admits that Hollywood Imports Limited, Inc. does business in the State of Florida. AutoNation admits that from March 24, 2023 to April 29, 2023 Hollywood Imports Limited, Inc. was Plaintiff's "employer" as that term is defined by 42 U.S.C. § 2000e(b) and Florida Statute § 760.02(7).

5. AutoNation admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, but denies that Plaintiff has stated any claim for which AutoNation is liable and denies that Plaintiff is entitled to any relief against AutoNation.

6. AutoNation admits that the allegations set forth in Counts I, II, V, and VI are of a type and nature that permit the Court to exercise supplemental jurisdiction over those Counts, but denies that Plaintiff has stated any claim for which AutoNation is liable and denies that Plaintiff is entitled to any relief against AutoNation.

7. AutoNation admits that it is subject to personal jurisdiction in this action, but denies that Plaintiff has stated any claim for which AutoNation is liable and denies that Plaintiff is entitled to any relief against AutoNation.

8. AutoNation admits that venue is proper in the Southern District of Florida in this action pursuant to 28 U.S.C. § 1391(b), but denies that Plaintiff has stated any claim for which AutoNation is liable and denies that Plaintiff is entitled to any relief against AutoNation.

9. AutoNation admits that Plaintiff filed Charge of Discrimination No. 510-2023-07302 on June 9, 2023 against Hollywood Imports Limited, Inc., admits that the Equal Employment Opportunity Commission dismissed Charge No. 510-2023-07302 on July 25, 2023, and admits that this action was filed within ninety (90) days of July 25, 2023.  The remaining allegations of this paragraph are denied.

10. AutoNation admits that, through its subsidiaries, it is one of the largest automotive retailers in the United States.

11. AutoNation admits that Hollywood Imports Limited, Inc. is known as an AutoNation dealership. AutoNation admits that this paragraph of Plaintiff's Complaint contains a portion of language appearing in the Form 10-Q filed by AutoNation for the period ending June 30, 2023.

12. AutoNation admits that Hollywood Imports Limited, Inc. uses the website address reflected in this paragraph of Plaintiff's Complaint and that website contains an AutoNation mark.   AutoNation admits that the website of Hollywood Imports Limited, Inc. can be accessed via the website of AutoNation.

13. Denied.

14. AutoNation admits that certain resources, processes, directives, guidance, policies and procedures, and other operational input that originate with AutoNation are used by Hollywood Imports Limited, Inc. in the management of Hollywood Imports Limited, Inc.

15. AutoNation admits that the operational input described in paragraph 14 above includes certain components of human resources and other aspects of employment, but denies that rendered AutoNation a joint employer of Plaintiff and denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

16. AutoNation admits that Hollywood Imports Limited, Inc. uses as its mailing address 200 S.W. 1st Avenue, 14th Floor, Fort Lauderdale, Florida 33301. AutoNation admits that address is also used by AutoNation as its principal address.

17. AutoNation admits that Nicholas Schnelle is President and a Director of Hollywood Imports Limited, Inc. AutoNation admits that Nicholas Schnelle previously held a title of Market President.

18. AutoNation admits that Tracy Lynn Leiser was formerly Vice President, Secretary and Treasurer of Hollywood Imports Limited, Inc. AutoNation admits that Tracy Leiser formerly held a title of Regional Vice President of Finance.

19. AutoNation admits that Plaintiff became an employee of Hollywood Imports Limited, Inc., on March 23, 2022, and admits that he worked at its location of 2400 North State Road 7, Hollywood, Florida 33301.

20. Denied.

21. In that the allegations of paragraph 20 are denied, the allegations of this paragraph, which is premised on those allegations, are also denied.

22. AutoNation is without direct knowledge of the allegations contained in this paragraph.

23. In that the allegations of paragraph 20 are denied, the allegations of this paragraph, which is premised on those allegations, are also denied.

24. Denied.

25. Denied.

26. Denied.

27. AutoNation is without direct knowledge of the allegations contained in this paragraph.

28. The allegations of this paragraph do not provide information sufficiently specific to permit a response, in that no date, time, phone number or particular recipient of any voicemail message is identified, and are accordingly denied.

29. The allegations of this paragraph do not provide information sufficiently specific to permit a response, in that no date or time is provided, nor any identification of any person(s) with whom Plaintiff contends he communicated, and are accordingly denied.

30. AutoNation admits that Plaintiff tendered his resignation in April 2023. In that the allegations of paragraph 20 are denied, the remaining allegations of this paragraph, which is premised on those allegations, are also denied.

## Response to Count I

31. For its response to this paragraph of Plaintiff's Complaint, AutoNation incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

32. Denied.

33. Denied.

34. AutoNation denies the existence of or knowledge of any conduct by Mr. Rodriguez akin to that alleged occurring on the premises of Hollywood Imports Limited, Inc. AutoNation states that such conduct would be outside the course and scope of the employment of any person employed by a dealership affiliated with AutoNation.

35. Denied.

36. AutoNation admits as a general proposition of law that an employer may have a duty of reasonable care in the supervision of its employees, but denies any allegation or

implication that it failed to exercise such care and denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

    37.    Denied.

    38.    Denied.

    39.    Denied.

    40.    Denied.

### Response to Count II

    41.    For its response to this paragraph of Plaintiff's Complaint, AutoNation incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

    42.    Denied.

    43.    Denied.

    44.    AutoNation denies the existence of or knowledge of any conduct by Mr. Rodriguez akin to that alleged occurring on the premises of Hollywood Imports Limited, Inc. AutoNation states that such conduct would be outside the course and scope of the employment of a person employed by a dealership affiliated with AutoNation.

    45.    Denied.

    46.    Denied.

    47.    Denied.

    48.    Denied.

    49.    Denied.

    50.    Denied.

**Response to Count III**

51.     For its response to this paragraph of Plaintiff's Complaint, AutoNation incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

52.     AutoNation admits that 42 U.S.C. § 2000e-2(a)(1) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against AutoNation and denies that Plaintiff is entitled to any relief against AutoNation.

53.     Denied.

54.     Denied.

55.     AutoNation admits that Plaintiff resigned his employment with Hollywood Imports Limited, Inc. in April 2023.    The remaining allegations of this paragraph of Plaintiff's Complaint are denied.

56.     Denied.

57.     Denied.

**Response to Count IV**

58.     For its response to this paragraph of Plaintiff's Complaint, AutoNation incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

59.     AutoNation admits that 42 U.S.C. § 2000e-2(a)(1) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against AutoNation and denies that Plaintiff is entitled to any relief against AutoNation.

60. Denied.

61. In that the allegations of alleged "offensive acts and statements" are denied, the allegations of the first sentence of paragraph 61 of Plaintiff's Complaint are denied. The remaining allegations contained in this paragraph of Plaintiff's Complaint are denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

### Response to Count V

67. For its response to this paragraph of Plaintiff's Complaint, AutoNation incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

68. AutoNation admits that Florida Statute § 760.10(1)(a) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against AutoNation and denies that Plaintiff is entitled to any relief against AutoNation.

69. Denied.

70. Denied.

71. AutoNation admits that Plaintiff resigned his employment with Hollywood Imports Limited, Inc. in April 2023. The remaining allegations of this paragraph of Plaintiff's Complaint are denied.

72. Denied.

73. Denied.

## Response to Count VI

74. For its response to this paragraph of Plaintiff's Complaint, AutoNation incorporates its responses to paragraphs 1 through 30 above as if fully set forth herein.

75. AutoNation admits that Florida Statute § 760.10(1)(a) defines as an "unlawful employment practice" discrimination by an employer "against any individual with respect to [ ] terms [and] conditions [ ] of employment [ ] because of such individual's [ ] sex," but denies that Plaintiff has stated any claim against AutoNation and denies that Plaintiff is entitled to any relief against AutoNation.

76. Denied.

77. In that the allegations of alleged "offensive acts and statements" are denied, the allegations of the first sentence of paragraph 77 of Plaintiff's Complaint are denied. The remaining allegations contained in this paragraph of Plaintiff's Complaint are denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. AutoNation denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein, including without limitation any assertions contained in footnotes, Plaintiff's Prayer for Relief, or otherwise.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

In asserting these defenses and affirmative defenses, AutoNation does not assume the burden of proof as to matters that pursuant to law are Plaintiff's burden to prove.  Without conceding the burden of proof as to any of the following or waiving the right to require Plaintiff to present *prima facie* evidence in support of his claim(s) and allegations, AutoNation, considering applicable standards of proof, asserts as follows:

84.    Plaintiff's claims are barred or limited as follows:    (a)  by Plaintiff's failure to file a Charge of Discrimination against AutoNation as required by 42 U.S.C. § 2000e-5(e)(1) (with respect to Counts III and IV) and Florida Statute § 760.11(1)(with respect to Counts V and VI);  (b)  by the fact that reasonable care was exercised to prevent and correct promptly any alleged harassing behavior, in that a strong and officially-promulgated policy against harassment is in place and reasonable care was otherwise exercised to address or redress any alleged unlawful behavior to which Plaintiff claims he was subjected, and Plaintiff unreasonably failed to take advantage of protective or corrective opportunities or to avoid harm otherwise, by failing to avail himself timely of the avenues created by this policy;    (c) by Plaintiff's failure to minimize or mitigate the damages he claims are associated with his employment or the termination thereof;  (d)  with respect to Plaintiff's attempt to seek punitive damages (i) in Count I and II, by Plaintiff's failure to set forth a sufficient basis for recovery of such damages under Florida Statute § 768.72(2) and (3); (ii) in Counts III-VI, because any act or omission giving rise to Plaintiff's claims was contrary to good faith efforts to comply with Title VII and the Florida Civil Rights Act.

WHEREFORE AutoNation, Inc., requests that the Court enter an Order dismissing the claims asserted in this action against AutoNation, Inc. with prejudice and awarding the costs and expenses properly awarded under applicable law.

Dated: October 26, 2023.

        Respectfully submitted,

        s/ *Eric K. Gabrielle*
        Eric K. Gabrielle (Florida Bar No. 160725)
        Email: egabrielle@stearnsweaver.com
        **STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
        200 East Las Olas Boulevard – Suite 2100
        Fort Lauderdale, Florida  33301
        Telephone:  954-462-9527
        Facsimile:  954-462-9567
        *Attorneys for Defendants*

#12160883 v2