UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-61772-CIV-SMITH

JUAN NAVARRO,

    Plaintiff,

v.

HOLLYWOOD IMPORTS LIMITED, INC.,
and AUTONATION, INC.

    Defendant.

_____/

**NOTICE OF TAKING DEPOSITION DUCES TECUM**
**OF MICHAEL L. ELKINS, ESQ.**

PLEASE TAKE NOTICE that the undersigned will take the deposition by oral examination for use as evidence in said cause, of the following witness identified by Plaintiff pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), who is to have with him at that time the documents listed on Exhibit "A", attached:

| DEPONENT | DATE/TIME | LOCATION |
|---|---|---|
| Michael L. Elkins. Esq. | Tuesday, July 9, 2024 10:00 a.m. | Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. 200 E. Las Olas Blvd., Ste. 2100 Ft. Lauderdale, FL 33301 (954) 462-9500 |

Said deposition will be taken before a notary public or any officer authorized to administer oaths by the laws of the State of Florida, and a person who is neither a relative, nor employee, nor attorney, nor counsel of any of the parties and who is neither a relative nor employee of such attorney or counsel, and who is not financially interested in the action.

Said deposition is to be taken pursuant to the Federal Rules of Civil Procedure in such cases provided. The deposition shall be recorded by stenographic means and may be audiotaped.



DEFENDANT'S EXHIBIT 30
2024-07-09

s/ *Eric K. Gabrielle*
Eric K. Gabrielle (Florida Bar No. 160725)
Email: egabrielle@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
200 East Las Olas Boulevard – Suite 2100
Fort Lauderdale, Florida 33301
Telephone: 954-462-9527
Facsimile: 954-462-9567
*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail to the counsel and/or parties identified below, this **3d day** of July 2024.

Christopher S. Prater (cprater@pollardllc.com)
Michael A. Boehringer (mboehringer@pollardllc.com)
Jonathan E. Pollard (jpollard@pollardllc.com)

Pollard PLLC
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
*Attorneys for Plaintiff*

Michael L. Elkins, Esq.
melkins@mlelawfirm.com

s/ *Eric K. Gabrielle*
Eric K. Gabrielle (Florida Bar No. 160725)
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
*Attorneys for Defendants*

# EXHIBIT "A"

1. Copies of all documents and communications, other than those documents specifically identified in your written report dated June 28, 2024, that identify any facts or data that you <u>considered</u> in forming the opinion(s) set forth in your written report.

2. Copies of all documents and communications, other than those specifically identified in your written report dated June 28, 2024, that identify any facts or data that you <u>relied upon</u> in forming the opinion(s) set forth in your written report.

3. Copies of all documents and communications, other than those documents specifically identified in your written report dated June 28, 2024, that identify any factual assumptions that you <u>considered</u> in forming the opinion(s) set forth in your written report.

4. Copies of all documents and communications, other than those documents specifically identified in your written report dated June 28, 2024, that identify any factual assumptions that you <u>relied upon</u> in forming the opinion(s) set forth in your written report.

5. All published or non-published standards from any legal authorities (including statutes, regulations or judicial opinions), source, texts, treatises, articles, manuals and journals which you used, considered or relied upon in formulating the opinion(s) set forth in your written report, including without limitation any standard(s) establishing, governing, or setting forth:

   (a) the "HR best practices/standard of care" referred to in the Expert Opinion section of your report;

   (b) the "HR best practices" referred to in the Expert Opinion section of your report;

   (c) the standards for "a [thorough] and complete investigation" referred to in the Expert Opinion section of your report;

   (d) any other standard of care or practice that you considered applicable and applied to reach the conclusions set forth in the Expert Opinion section of your report.

6. A list of all published monographs, treatises, manuals, articles, textbooks or other documents you used as a reference and upon which you based the opinion(s) set forth in your written report, including without limitation those containing any standard(s) establishing, governing, or setting forth:

   (a) the "HR best practices/standard of care" referred to in the Expert Opinion section of your report;

   (b) the "HR best practices" referred to in the Expert Opinion section of your report;

  (c) the standards for "a through and complete investigation" referred to in the Expert Opinion section of your report;

  (d) any other standard of care or practice that you considered applicable and applied to reach the conclusions set forth in the Expert Opinion section of your report.

 7. Your records indicating time spent on this undertaking through and including the completion of your report.

 8. All communications between you and counsel for Plaintiff that relate to compensation for your study or testimony.

 9. Any and all billing statements and/or records of time spent you have submitted or will submit in this case and proof of any payments received therefor.

 10. For any case in which you provided opinion testimony in deposition or at trial between April 1, 2004 and July 1, 2024, as a witness proffered or engaged to do so pursuant to Federal Rule of Evidence 702, Florida Evidence Code § 90.702, or the comparable evidence rules of any other jurisdiction:

  (a) the case style and case number of the proceeding;
  (b) the jurisdiction or forum in which the proceeding was pending;
  (c) the nature of the testimony (deposition, trial or other (specify)).

Exclude any instance in which the opinion testimony provided related solely to the issue of the reasonableness of attorneys fees sought by a litigant.

 11. A copy of the written report you provided in the case of *Jacklyn Knights v. Wyndham Vacation Ownership, Inc.*, Middle District of Florida Case No. 6:23-cv-01104-RBD-DCT.

 12. For any case in which you provided opinion testimony in deposition or at trial between April 1, 2004 and July 1, 2024, as a witness proffered or engaged to do so pursuant to Federal Rule of Evidence 702, Florida Evidence Code § 90.702, or the comparable evidence rules of any other jurisdiction, <u>where the subject matter of your opinion testimony concerned the same best practices and/or standards of care referenced in your Expert Opinion</u>, a copy of the deposition transcript or trial testimony you provided.

 13. For any case in which you provided opinion testimony in deposition or at trial between April 1, 2004 and July 1 1, 2024, as a witness proffered or engaged to do so pursuant to Federal Rule of Evidence 702, Florida Evidence Code § 90.702, or the comparable evidence rules of any other jurisdiction, <u>where the subject matter of your opinion testimony concerned the same best practices and/or standards of care referenced in your Expert Opinion</u>, a copy any Court

order or opinion: (a) adjudicating the admissibility of your testimony; (b) referencing or relying upon your testimony.

14. A copy of any written report you provided in any case in which you were engaged to provide opinion testimony between April 1, 2024 and July 1, 2024, where the subject matter of your opinion concerned the same best practices and/or standards of care referenced in your Expert Opinion,

**NOTE**: The requests above *exclude*: (a) any draft(s) of your disclosure or report; (b) any communications between you and counsel for Plaintiff that do not: (i) related to compensation for your study or testimony; (ii) identify facts or data that counsel for Plaintiff provided and that you considered in forming the opinions to be expressed; or (iii) identify assumptions that counsel for Plaintiff provided and that you relied on in forming the opinions to be expressed.