UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JUAN NAVARRO,

        *Plaintiff,*                             **CASE NO.: 0:23-cv-61772-RS**

v.

HOLLYWOOD IMPORTS LIMITED, INC.;
and AUTONATION, INC.,

        *Defendants.*

_____/

**PLAINTIFFS' INITIAL DISCLOSURES**

    Pursuant to the Federal Rules of Civil Procedure 26(a)(1), Plaintiff JUAN NAVARRO makes the following Initial Disclosures to Defendant HOLLYWOOD IMPORTS LIMITED, INC. and AUTONATION, INC.:[1]

**(i)** **the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

1. See "Exhibit A" to these Initial Disclosures. The inclusion or absence of a name in Exhibit A is not, and should not be interpreted as, a statement by Plaintiff concerning the extent of the individual's actual, relevant knowledge, or whether an individual will appear as a witness at trial, or otherwise present testimony or give evidence in this case.

2. Michael Elkins, Esq. – Mr. Elkins has been designated as an expert by Plaintiff and is expected to testify regarding the subject matter in his Amended Final Report.

3. All individuals listed by Defendants.

4. Individuals identified in Plaintiff's responses to interrogatories regarding the subject matters described in those responses that Plaintiff believes they have knowledge of.

---

[1] Plaintiff Juan Navarro ("Mr. Navarro") is the "Plaintiff". Defendant HOLLYWOOD IMPORTS LIMITED, INC. ("HIL") and Defendant AUTONATION, INC. ("AutoNation") collectively "Defendants".

1

**(ii)** a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

Plaintiff Juan Navarro currently has the below listed materials in his possession that he may use to support his claims and defenses. Each of these items are believed to also be in Defendants' possession, custody, or control.

1. Documents exchanged in discovery of this case;
2. Discovery responses served in this case;
3. Deposition testimony and declarations (all of which have been produced) obtained during this litigation;
4. Plaintiff's compensation records; and
5. AutoNation, Inc.'s 2021-2023 Form 10-Ks and Q124 Form 10-Q.

If additional documents are identified having discoverable information, Plaintiff will supplement this disclosure in accordance with Rule 26(e).

**(iii)** a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

See Plaintiff's Amended Response to HIL's First Set of Interrogatories, No. 9.

**(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

None.

These disclosures are based upon information now available to Plaintiff after a reasonable investigation. Plaintiff reserves the right to supplement these disclosures pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure.

Dated: June 28, 2024                                      Respectfully submitted,

By: */s/ Christopher S. Prater*
**Christopher S. Prater**
Florida Bar No.: 105488

cprater@pollardllc.com

**Jonathan E. Pollard**
Florida Bar No.: 83613
jpollard@pollardllc.com

**Michael A. Boehringer**
Florida Bar No.:1018486
mboehringer@pollardllc.com

**Pollard PLLC**
401 E. Las Olas Blvd., #1400
Ft. Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731
*Attorneys for Plaintiff Juan Navarro*

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2024, the foregoing document was served on all counsel of records identified on the attached Service List via email.

## SERVICE LIST

Eric K. Gabrielle, Esq.
Florida Bar No.: 160725
Email: egabrielle@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
200 East Las Olas Blvd. Ste. 2100
Ft. Lauderdale, FL 33301
Telephone: 954-462-9527
Facsimile: 954-462-9567
*Attorneys for Defendants*

By: */s/ Christopher S. Prater*
Christopher S. Prater

*Navarro v. Hollywood Imports Limited, Inc.*
Case No.: 0:23-cv-61772-RS

**Exhibit A to Plaintiff's Initial Disclosures**

| Individual | Contact Information, if known | Topics for Initial Disclosures |
|---|---|---|
| Juan Navarro | c/o Pollard PLLC / 401 East Las Olas Blvd., Ste. 1400, Ft. Lauderdale, FL 33301 / Telephone: (954) 332-2380 | Mr. Navarro has knowledge regarding all allegations in the Complaint. |
| Joe Rey, General Manager | c/o Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A./ 200 East Las Olas Blvd. Ste. 2100 Ft. Lauderdale, FL 33301 | Mr. Rey is believed to have knowledge of the conduct at issue towards Plaintiff and other employees of Defendants and the failure of Defendants to address and prevent this conduct. |
| Joseph "Joey" Rodriguez, Direct Sales Manager | c/o Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A./ 200 East Las Olas Blvd. Ste. 2100 Ft. Lauderdale, FL 33301 | Mr. Rodriguez is believed to have knowledge regarding his and other managers inappropriate conduct towards Plaintiff and other employees and the failure of Defendants to address and prevent this conduct. |
| Carl Vanderwarker, General Sales Manager | c/o Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A./ 200 East Las Olas Blvd. Ste. 2100 Ft. Lauderdale, FL 33301 | Mr. Vandewarker is believed to have knowledge of the conduct at issue towards Plaintiff (including, without limitation, his own) and other employees of Defendants and the failure of Defendants to address and prevent this conduct. |
| David Losk, Sales Manager | c/o Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A./ 200 East Las Olas Blvd. Ste. 2100 Ft. Lauderdale, FL 33301 | Mr. Losk is believed to have knowledge of the conduct at issue towards Plaintiff and other employees of Defendants and the failure of Defendants to address and prevent this conduct. |
| Mark Scott, Salesperson | c/o Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A./ 200 East Las Olas Blvd. Ste. 2100 Ft. Lauderdale, FL 33301 | Mr. Scott is believed to have knowledge of the conduct at issue towards Plaintiff and other employees of Defendants and the failure of Defendants to address and prevent this conduct. |
| Patrick Cadet, Salesperson | c/o Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A./ 200 East Las Olas Blvd. Ste. 2100 Ft. Lauderdale, FL 33301 | Mr. Cadet is believed to have knowledge of the conduct at issue towards Plaintiff and other employees of Defendants and the failure of Defendants to address and prevent this conduct. |

| | | |
|---|---|---|
| Cary Pacheco a/k/a Cary Torres | c/o Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A./ 200 East Las Olas Blvd. Ste. 2100 Ft. Lauderdale, FL 33301 | Ms. Pacheco is believed to have knowledge of the conduct at issue towards Plaintiff and other employees of Defendants and the failure of Defendants to address and prevent this conduct. |
| Bibi Bickram | c/o Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A./ 200 East Las Olas Blvd. Ste. 2100 Ft. Lauderdale, FL 33301 | Ms. Bickram is believed to have knowledge of the conduct at issue towards Plaintiff and other employees of Defendants and the failure of Defendants to address and prevent this conduct. |
| Emanuel Fuentes-Baez | 14050 Biscayne Blvd., Apt. 311, Miami, FL 33181. | Mr. Fuentes-Baez is believed to have knowledge regarding the subject matter of his declaration, deposition testimony, and at issue conduct of Defendants employees. |
| Jennifer Strohauer | c/o Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A./ 200 East Las Olas Blvd. Ste. 2100 Ft. Lauderdale, FL 33301 | Ms. Strohauer is believed to have knowledge of the conduct at issue towards Plaintiff and other employees of Defendants and the failure of Defendants to address and prevent this conduct. |
| Raynell Hodge | Address is unknown. Email address is believed to be dairieurcouture@gmail.com | Mr. Hodge is believed to have knowledge of the conduct at issue towards Plaintiff and other employees of Defendants and the failure of Defendants to address and prevent this conduct. |
| Eddy Gomez, Salesperson | c/o Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A./ 200 East Las Olas Blvd. Ste. 2100 Ft. Lauderdale, FL 33301 | Mr. Gomez is believed to have knowledge of Joey Rodriguez's inappropriate behavior towards Plaintiff, Mr. Vanderwarker's comments regarding Plaintiff's race, the failure of Defendants to address and prevent this conduct, and Mr. Navarro's reporting of the incidents with HR. |
| Carlos Alcaraz | c/o Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A./ 200 East Las Olas Blvd. Ste. 2100 Ft. Lauderdale, FL 33301 | Mr. Alcaraz is believed to have knowledge of Joey Rodriguez's inappropriate behavior towards Plaintiff and the failure to Defendants of address and prevent this conduct. |
| Asim Faizan | 12500 NE 15th Ave., Apt. 403 North Miami, FL 33161 | Mr. Faisan is believed to have knowledge of the conduct discussed in his deposition and other conduct at issue in this by Defendants' employees. |
| Elias Moukarezel | Unknown at this time | Mr. Moukarezel is believed to have knowledge of the conduct at issue towards Plaintiff and other employees of Defendants and the failure of Defendants to address and prevent this conduct. |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JUAN NAVARRO,

    *Plaintiff*,

v.

    Case No.: 23-61772-CIV-SMITH

HOLLYWOOD IMPORTS LIMITED, INC.
and AUTONATION, INC.,

    *Defendants*.

_____/

**PLAINTIFF JUAN NAVARRO'S AMENDED RESPONSES TO DEFENDANT HOLLYWOOD IMPORTS LIMITED, INC.'S FIRST INTERROGATORIES**

Plaintiff, Juan Navarro, hereby serves his amended response to Defendant Hollywood Imports Limited, Inc.'s First Interrogatories (served 12/29/23), number 9:

**RESPONSES**

9. Please state each item of damages that you claim in this case and include in your statement: (a) the category into which the item of damages falls (i.e., general damages, special damages or consequential damages), and other categories; (b) the factual basis for each item of damages; (c) an explanation of how each item of damages was computed, including any mathematical formula used.

    **AMENDED RESPONSE**: Plaintiff seeks economic and non-economic monetary damages as described below for past and future harm. Plaintiff notes that his front pay and back pay and non-pecuniary losses discussed below are continuing to accrue and are subject to change prior to trial. At this time, Plaintiff seeks:

    i. Monetary damages to the fullest extent permitted by law for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA") (including backpay, frontpay, and compensatory (economic and non-economic)):

        o <u>Backpay</u>. Backpay will run from April 30, 2023 through the date of judgment. Calendar call is presently set for January 7, 2025. In 2023, through his last day of employment with Defendants on April 30, 2023, Plaintiff earned $35,212.55. Extrapolated out for the rest of the year, Plaintiff reasonably expected to earn $108,004.88 from Defendants. Instead, Plaintiff only earned another

$56,467.80 from his new employer Ocean Mazda. Plaintiff's total income in 2023 was $91,680.25. $108,004.88 minus $91,680.25 equals **$16,324.63** less income than expected for 2023, which is sought as backpay. So far, Plaintiff's 2024 earnings at Ocean Mazda appear likely to exceed his expected 2023 earnings from Defendants. If that changes, Plaintiff will update these interrogatories.

- o  Frontpay. As of the time of this amended response, Plaintiff does not expect to be eligible for frontpay based on his expected earning at Ocean Mazda. If that changes, Plaintiff will update these interrogatories.

- o  Compensatory damages (both economic and non-economic) to the fullest extent permitted by Title VII (capped at **$300,000**) and the FCRA (**uncapped**) to compensate him for pecuniary and non-pecuniary losses (including humiliation, degradation, and emotional distress) resulting from Defendants' unlawful employment practices. He had to put up with constant humiliation because he truly needed the job. His earning capacity has been derailed. This ordeal has had a tremendous impact on him. He seeks at least **$3,000,000** in compensatory damages.

- o  Punitive damages to the fullest extent permitted under by Title VII (including, at a minimum, the statutory cap) and the FCRA (including, at a minimum, the statutory cap).

ii. Monetary damages to the fullest extent permitted by law for Defendants' tortious conduct. This includes compensatory (economic and non-economic) and punitive damages. With respect to economic damages, this includes at a minimum the pay that he lost out on as a result of Defendants' tortious conduct described above in the backpay section. For non-economic damages (including humiliation, degradation, and emotional distress) Plaintiff seeks at least **$3,000,000.** Plaintiff also seeks punitive damages of nine-times his compensatory damages totaling at least **$27,000,000**.

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

J Navarro (Jun 28, 2024 18:46 EDT)

JUAN NAVARRO

Jun 28, 2024

3

# 2024.6.28 - Plaintiff's Am. Responses to 1st Rogs, No. 9

Final Audit Report 2024-06-28

| | |
|---|---|
| Created: | 2024-06-28 |
| By: | Christopher Prater (cprater@pollardllc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAARKDv6mmtH4oeQt72KPGmFKmPce2xA1pg |

## "2024.6.28 - Plaintiff's Am. Responses to 1st Rogs, No. 9" History

- Document created by Christopher Prater (cprater@pollardllc.com)
  2024-06-28 - 10:41:53 PM GMT

- Document emailed to J Navarro (navarrojuleo@gmail.com) for signature
  2024-06-28 - 10:42:09 PM GMT

- Email viewed by J Navarro (navarrojuleo@gmail.com)
  2024-06-28 - 10:45:20 PM GMT

- Document e-signed by J Navarro (navarrojuleo@gmail.com)
  Signature Date: 2024-06-28 - 10:46:03 PM GMT - Time Source: server

- Agreement completed.
  2024-06-28 - 10:46:03 PM GMT

Adobe Acrobat Sign