**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

JUAN NAVARRO,

    *Plaintiff,*                               CASE NO.: 0:23-cv-61772-RS

v.

HOLLYWOOD IMPORTS LIMITED, INC.,
d/b/a AUTONATION HONDA HOLLYWOOD;
and AUTONATION, INC.,

    *Defendants.*
_____/

## **DECLARATION OF CHRISTOPHER S. PRATER**

I, Christopher S. Prater, Esq., declare as follows:

1. If called as a witness, I could and would testify to the following facts based on my personal knowledge.

2. I have been a Florida licensed attorney since August 2013.

3. I began my career with Needle & Ellenberg, P.A. litigating complex plaintiff-side medical malpractice and wrongful death cases.

4. I have been a lawyer with Pollard PLLC since August 2016, and partner with the firm since February 2022.

5. Since I joined the Firm, I have been substantially involved in virtually every case that the Firm has litigated/arbitrated.

6. During my career, I have served as counsel of record in approximately 150 litigation and appellate cases, an overwhelming number of which were high-stakes employment matters. Some of those matters are summarized at the end of this declaration.

7. I was the primary attorney representing Plaintiff Juan Navarro in this case. I was responsible for all discovery, conducted all depositions, and handled the day-to-day administration of the case.

8. This case involved a substantial amount of discovery and extensive conferral work with opposing counsel. Collectively, Defendants propounded five sets of interrogatories, three sets of

1

requests for production, and three requests for admission between December 29, 2023 and May 28, 2024.[1]. Eight witnesses were also deposed in a total of ten depositions.

9. I primarily interfaced with opposing counsel, Eric Gabrielle of Stearns Weaver on Plaintiff's behalf.

10. Mr. Gabrielle made various comments to me regarding Defendants' litigation strategy in this case. For example, Mr. Gabrielle expressed that Defendants' strategy was to try to wear us down with a lot of discovery and other work in this case and that we did not litigate this case like typical plaintiff-side employment attorneys on a contingency fee.

11. Representative matters:

- *Mainsail Parent, LLC, et al v. Jewell, et al*, Case No. 1:24-cv-22875-CMA (SDFL 2024). Defendant's litigation counsel in $20+ million non-compete and trade secret case involving the healthcare insurance denials that resolved after TRO and preliminary injunction proceedings (*see*, D.E. 60) and extensive fact and expert discovery.

- *Oil-Dri Corporation of America v. McPherson*, et al, Case No. 1:23-cv-15900 (NDIL 2023). Counsel for Defendants in multi-million dollar trade-secret, fiduciary duty, and non-compete disputes arising from international shipment of livestock and poultry feed additive.

- *Dohmen, et al v. Short's Travel Management, Inc.*, Case No. 1:23-cv-23057-RNS (SDFL 2023). Plaintiffs/Counter-Defendants' litigation counsel in case involving the collegiate sports charter jet industry. My clients sought declaratory judgments holding various competitive restrictions unenforceable and declaring certain information not a trade secret. Also defended the multi-million dollar non-compete and trade secret counterclaims. The matter was resolved on confidential terms.

- *Fume, LLC v. Real Distribution, LLC, et al,* Case No. 21-62104-CIV-DIMITROULEAS (SDFL 2021). Counsel in a case arising out of the breakup of a $200 million vape company and partnership. Successfully defended against Plaintiffs' bid for a preliminary injunction. D.E. 110, D.E. 111.

- *Vital Pharmaceuticals, Inc. v. Alfieri, et al*, Case No. 20-cv-61307-AHS (SDFL 2020).

---

[1] More specifically, Defendant Hollywood Imports, Inc. served 2 sets of Requests for Production and 3 sets of Requests for Admission over 76 days, and 4 sets of interrogatories over 95 days. AutoNation, Inc. also served a set of interrogatories and requests for production

Defendants' initial litigation counsel in a matter where Vital (the maker of Bang energy drink) sued another beverage company for hiring several former high-level employees. I also served as appellate counsel for defendant/appellant Amy Maros (Case No. 20-14217 (11th Cir. 2022)) who appealed grant of preliminary injunction. The 11th Circuit vacated the preliminary injunction as to Maros which prohibited solicitation of customers and use of Vital's alleged confidential information. *Vital Pharm., Inc. v. Alfieri*, 23 F.4th 1282 (11th Cir. 2022.).

- *Lawson Products, Inc. v. Morichelli*, Case No. 23-cv-5314 (NDIL 2023). Defended former sales representative against his employer for alleged breaches of fiduciary duties and restrictive covenants in a case arising from the maintenance, repairs, and operations market. Defeated Plaintiff's bid for a preliminary injunction and the case subsequently resolved on confidential terms.

- *Properties of the Villages, Inc. v. Kranz et al*, Case No. 5:19-cv-647-oc-30PRL (MDFL 2019). Defendants' litigation, trial, and appellate counsel in a case seeking several million dollars based on various non-compete, trade secret, and unfair competition claims involving real estate transactions in The Villages.

- *Larweth v. Magellan. Health Inc.*, Case No. 6:18-cv-ORL-18-DCI (MDFL 2018). Plaintiff/Counter-Defendant's litigation and co-appellate counsel in action seeking declaratory judgment holding various competitive restrictions unenforceable and seeking damages for defamation while defending $12+ million non-compete counterclaim in case arising in pharmaceutical benefit management industry.

- *All Star Recruiting Locums, LLC, et al. v. Ivy Staffing Solutions, LLC*, Case No. 21-62221-civ-Moreno/Strauss (SDFL 2021). Plaintiffs/Counter-Defendants' counsel in non-compete and trade secret case involving competition in the physician staffing industry that resolved after preliminary injunction proceedings and extensive fact discovery.

- *Szaloki v. Wal-Mart Stores, Inc.*, et al, Case No. 50-2106-CA007193-XXXX-MB-AG (Fla. 15th Jud. Cir. 2016). Plaintiff's counsel in a workplace sexual harassment and sexual assault case that involved punitive damages and resolved on the brink of trial. The case pitted Pollard PLLC against multiple law firms including Littler, Greenberg Traurig, Ford Harrison, and Shook Hardy.

- *Knights v. Wyndham Vacation Ownership, Inc.*, Case No. 6:23-cv-01104-RBD-DCI (MDFL 2023). Plaintiff's counsel in a workplace sexual harassment and sexual assault case that resolved during litigation.
- *Larios v. Assa Abloy Entrance Systems US, Inc.*, Case No.:23-62382-civ-DIMITROULEAS (SDFL 2023). Plaintiff's counsel in a disability discrimination case that survived summary judgment (D.E. 37) and settled pre-trial.
- *Robinson v. Solomon*, Case No. 502023CA002381 (Fla. 15th Jud. Cir. 2023). Plaintiff's litigation and appellate counsel in a defamation per se action that successfully added punitive damages and is pending trial in Palm Beach Circuit Court. Defendant appealed the addition of punitive damages, but we prevailed. *Solomon v. Robinson*, Case No. 4d2024-1574 (Fla. 4th DCA 2024)
- *Federated National Holding Co. v. Prygelski*, Case No. CACE-17-004342 (Fla. 17th Jud. Cir. 2017). Defended the former CFO of a publicly traded company against non-compete and defeated plaintiff's bid for a temporary injunction while also acting as CFO's counsel in parallel arbitration proceedings. *Prygelski v. Federated National Holding Co.*, Case No. 01-17-0003-3831 (AAA 2017).
- *Silva, et al., v. Nightingale Nurses, LLC et al*, Case No. 502015CA003070XXXXMB (Fla. 15th Jud. Cir. 2015). Counsel for a medical staffing company and related stakeholders in multi-front, multi-million dollar litigation, including defense of state court contempt and injunction proceedings. As appellate counsel, successfully obtained stay of a contempt order and injunction. *Silva, et al v. Nightingale Nurses, LLC, et al*, Case No. 4D17-0032 (Fla. 4th DCA 2017). Also prosecuted federal Lanham Act (false advertising) claims, prosecution of shareholder fiduciary duty claims. *ESP Systems, LLC v. Nightingale Nurses, LLC*, Case No. 16-cv-81263-ZLOCH (SDFL 2016).
- *Jennings v. J.W. Cheatham, LLC*, Case No. 9:23-cv-80995-RLR (SDFL 2023). Counsel for concrete finisher in action against his former employer for violations of 42 USC § 1981. Following the grant of summary judgment in favor of his employer, we appealed. *Jennings v. J.W. Cheatham, LLC*, Case No. 24-12443-DD (11th Cir. 2024). The appeal is pending.
- *Kelley v. Allegiant Air, LLC*, Case No. 8:23-cv-00061-WJF/SPF (MDFL 2023). Counsel for airline gate attendant in an action against her former employer for violations of 42 USC

4

§ 1981. Following the grant of summary judgment in favor of her employer, we appealed. *Kelley v. Allegiant Air, LLC*, Case No. 24-13815 (11th Cir. 2024). The appeal is pending.

- *Laughlin v. Miami-Dade County, Florida*, Case No. 1:23-cv-23350-KMM (SDFL 2023). Counsel for a former animal services employee in action against her former employer, the county, for disability discrimination. Following the grant of summary judgment in favor of her employer, we appealed. *Laughlin v. Miami-Dade County, Florida*, Case No. 24-13284 (11th Cir. 2024). The appeal is pending.

Under 28 U.S.C. § 1746, I verify under the penalty of perjury that the foregoing is true and correct.

Date: March 7, 2025

Signature: _____

Christopher S. Prater