UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-61772-CIV-SMITH

JUAN NAVARRO,

    Plaintiff,

v.

HOLLYWOOD IMPORTS LIMITED, INC.
and AUTONATION, INC.,

    Defendants.

_____/

**DECLARATION OF ERIC K. GABRIELLE**

1.    My name is Eric K. Gabrielle. I am over the age of 18. Since 2004, I have been a Shareholder with the law firm of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. ("Stearns Weaver Miller"). I make this Declaration based on my personal knowledge and pursuant to 28 U.S.C. § 1746.

2.    I served as sole counsel for the Defendants in this case. My representation in this matter began June 17, 2023, before the case was filed.

3.    I have been admitted to practice law in the State of Florida since 1999, for over twenty-six (26) years. I have been Board Certified in Labor & Employment Law by The Florida Bar for almost twenty (20) years, since June of 2005. I am admitted to practice before the United States District Courts for the Southern, Middle

Page **1** of **7**

and Northern Districts of Florida (since 1999), the Eleventh Circuit Court of Appeals (since 2001) and the United States Supreme Court (since 2002).

4. I am and have been primarily an employment lawyer for the entire period referenced above. My law practice includes all areas of labor and employment law, including litigation under federal and state employment laws, contractual disputes arising from employment relationships, and disputes in federal court, state court, before federal, state and local administrative agencies, and in arbitration proceedings, and counseling clients on compliance with laws governing employment relationships. My best estimate is that the matters described in this paragraph constitute 85% to 90% of my practice and have for the past twenty-six years.

5. As further evidence that my practice is primarily that of an employment lawyer and federal court practitioner, I include the following: I have been a member of the Academy of Florida Management Attorneys since 2014, served as a Director of that organization from 2018 to 2023, and served as its President from 2021 to 2022. I served on the Florida Bar Labor and Employment Certification Committee from 2011 to 2017, and have served again from 2021 to the present, currently as Vice Chair of that Committee. I was Chair of the Employment Law Section of the Broward County Bar Association from 2003 to 2004, President of the Broward County Chapter of the Federal Bar Association from 2009 to 2010, and a member of

the Southern District of Florida Committee on Attorney Admissions, Peer Review and Attorney Grievance for twelve (12) years, from 2010 to 2022.

6. I have represented AutoNation, Inc., and related entities in litigation matters in federal court, state court, and before federal, state and local administrative agencies and in arbitration proceedings for many years. In this case, my law firm charged, and Defendants paid, an hourly rate of $330.00 per hour for my time in this matter and an hourly rate of $150.00 for the time of Ms. Lynn Derenthal, the paralegal I have primary worked with for the past 26 years.

7. Since June 2023, the hourly rates I have charged to other clients in litigation matters have generally ranged from $300.00 per hour to $650.00 per hour, depending primarily on: (a) the nature and complexity of the matter and the legal issues involved; (b) the relationship between myself and/or my Firm and the particular client; (c) the nature and industry of the client (e.g., private, public, profit, non-profit); and (d) where applicable, a limitation on hourly rates imposed by an insurer responsible or partially responsible for defense expenses.

8. My hourly rate is considerably higher than the range above for most counseling and advice matters that are not in litigation. I am aware this is not uncommon among practitioners whose practice, like mine, consists of both counseling and litigation.

9. I have appeared as counsel of record in over 250 cases in the United States District Courts (primarily in the Southern District of Florida), the Eleventh Circuit Court of Appeals, and the Circuit and appellate courts of Florida (primarily for Broward, Miami-Dade and Palm Beach counties). My best estimate, after reviewing the docket sheets of those Courts, is that about 75% of the federal and state court litigation I have handled entailed claims against employers made by employees or former employees.

10. I have reviewed the Declaration of Christopher Prater (appearing in the record as ECF No. 97-2). I am certain I never expressed to Mr. Prater the statement attributed to me in paragraph 10 of that Declaration, that "Defendants' strategy was to wear [Navarro's counsel] down with a lot of discovery and other work in [the] case," nor any version of that statement. If Mr. Prater interpreted anything I said in any conversation with him to mean what is attributed here, that interpretation was entirely incorrect.

11. I have reviewed the Declaration of Jonathan Pollard (appearing in the record as ECF No. 97-1). I am certain I never expressed to Mr. Pollard the statements attributed to me in the third and fourth sentences of paragraph 23 of that Declaration, nor any version of those statements. If Mr. Pollard interpreted anything I said in any conversation with him to mean what is attributed here, that interpretation was entirely incorrect.

12. The following is a list of the written discovery served on Mr. Navarro by Defendants in this case:

(A) **Requests for Admission (total of 13 total individual requests):** (i) Defendants' First Requests for Admission (served December 29, 2023) consisting of eight (8) requests; (ii) Defendants' Second Requests for Admission (served March 12, 2024) consisting of four (4) requests; (iii) Defendants' Third Requests for Admission (served March 14, 2024) consisting of one (1) request.

(B) **Interrogatories (total of 32 individual interrogatories by two defendants):** (i) Hollywood Imports Interrogatories (served December 29, 2023) consisting of eighteen (18) interrogatories; (ii) Hollywood Imports Second Interrogatories to Plaintiff (served March 12, 2024), consisting of four (4) interrogatories; (iii) Hollywood Imports Third Interrogatories to Plaintiff (served March 14, 2024) consisting of one (1) interrogatory; (iv) Hollywood Imports Fourth Interrogatories to Plaintiff (served April 2, 2024) consisting of one (1) interrogatory; (v) AutoNation First Interrogatories to Plaintiff (served May 23, 2024), consisting of eight (8) interrogatories.

(C) **Requests for Production (total of 34 individual requests):** (i) Hollywood Imports First Requests for Production (served December 29, 2023), consisting of twenty-five (25) requests; (ii) Hollywood Imports Second Requests for Production and Inspection (served March 15, 2024), consisting of nine (9) requests.

13. The following is a list of all the written discovery served on Defendants by Navarro in this case:

(A) **Requests for Admission (total individual requests of 15):** (1) First Requests for Admission to AutoNation and Hollywood Imports (1 set each)(served April 17, 2024), consisting of eleven (11) requests per defendant; (2) Second Requests for Admission to AutoNation and Hollywood Imports (1 set each)(served June 13, 2024), consisting of two (2) requests per defendant; (3) Third Requests for Admission to AutoNation and Hollywood Imports (1 set each)(served June 19, 2024), consisting of two (2) requests per defendant;

(B) **Interrogatories (8 interrogatories):** First Interrogatories to Hollywood Imports and AutoNation (1 set each)(served April 17, 2024), consisting of eight (8) interrogatories.

(C) **Requests for Production (51 requests):** (i) Navarro's First Requests for Production to AutoNation and Hollywood Imports (1 set each) (served January 5, 2024), each consisting of thirty-two (32) requests; (ii) Navarro's Second Requests for Production to AutoNation and Hollywood Imports (1 set each)(served April 17, 2024), consisting of seventeen (17) requests; (iii) Navarro's Third Requests for Production to AutoNation and Hollywood Imports (1 set each)(served April 29, 2024), consisting of two (2) requests.

14. The settlement sum in this case was precisely 0.0580176% of the compensatory damages amount of $3,016,324.00 sought by Mr. Navarro in this case.

I declare under penalty of perjury that the above is true and correct.

*Eric K. Gabrielle*

March 26, 2025

#13444414 v1